PER CURIAM.
This is an original proceeding in prohibition. Relator seeks to prohibit the respondent from proceeding with further prosecution of criminal charges lodged against him on August 21, 1970, charging the crimes of bribery and conspiracy. On September 11, 1970, relator entered a plea of not guilty. On November 2, 1971, relator filed his motion for discharge on the ground that the State had failed to bring him to trial prior to November 1, 1971, the maximum date permissible under the time limitations of Criminal Procedure Rule 3.191, 33 F.S.A., known as the Speedy Trial Rule. The motion was denied and this action was initiated.
Relator was charged together with a co-defendant, one Lester Sanders. Pretrial motion practice resulted in a dismissal of the original information and an amended information was filed February 5, 1971, and the case was set for trial May 5, 1971. Several weeks before trial, the State, on April 19, 1971, filed a second amended information which required further pretrial motions which were heard on May 5, 1971, with the trial itself reset to be held June 7, 1971. On that day, the trial court granted codefendant Sanders’ motion for a severance, and the State elected to try Mr. Sanders first. The Sanders trial ended in a mistrial June 18, 1971. On June 23, 1971, the State filed a motion to reset the case for trial and also a motion to reconsider the court’s earlier order granting severance and to consolidate the trials of both defendants. The latter motions were heard on August 16, 1971, and the trial court denied the motion to reconsider its earlier severance order and to consolidate the trials. The motion made by the State to extend the trial of Relator Harris was granted, and the trial of codefendant Sanders was set for November 1, 1971. Relator’s trial was set for November 15, 1971. The apparent reason which motivated the State’s motion to extend the time for the relator Harris was its desire to hold Sanders’ trial before the Harris trial. The trial court’s order denying consolidation and extending the time for the Harris trial was entered on August 16, 1971, over vigorous objection by relator’s attorneys. In relator’s behalf, they insisted on adherence to the protective man *888 date of the “Speedy Trial Rule” adopted by the Florida Supreme Court, but the State apparently insisted on whatever strategic advantage might result from trying relator after Sanders had been tried. On August 16, the date on which the matter was argued before the trial court, relator requested the court to set the case for August 23, 1971, at a time when the court had a jury ready to be impaneled as well as a presiding judge being available due to the fact that another case set for that date and to which the judge had been assigned had been removed from the calendar because the defendant in that case had entered a guilty plea. Had the relator’s motion to be tried on August 23 been granted, he would have been afforded a trial within the 180 days time mandated by the “Speedy Trial Rule.” As it was, the setting of relator’s trial on November IS, 1971, violated the Speedy Trial Rule.
The subject rule contains a provision, 3.191(d) (2), whereunder the court on its own motion or motion by either party, in exceptional circumstances as defined by the rule, may extend the time for trial beyond that established by the rule. Apparently the exceptional circumstances on which the State now relies in justification of the extension order which it sought and obtained below was its desire to follow its strategic game plan by holding relator’s trial after the codefendant Sanders had been tried. We are not cited any authority upon which we can hold that the State’s desire in this respect supersedes relator’s right to insist on adherence to the Speedy Trial Rule established by our State Supreme Court. There seems to be no question that relator was ready, willing, and able to go to trial. Nor does there seem to be any question that the State’s resources and facilities for trying relator were available on August 23, 1971. And finally, there seems to be no question but that had the State brought relator to trial on or before November 1, 1971, the relator could not now complain that his speedy trial rule protections had been violated.
We hold that the State’s desire to gain whatever strategic advantage might have resulted from holding relator’s trial after that of codefendant Sanders does not come within the exceptional circumstances justifying extensions of time by Criminal Procedure Rule 3.191(f). The rule itself provides six examples of exceptional circumstances which were contemplated by the rulemaking body as being sufficient basis for trial time extensions, but gaining an advantage, psychological or otherwise, which may stem from the prior conviction of a codefendant is not one of them.
Accordingly, we hold that the trial court erred in denying relator’s motion for discharge and that the same should have been granted. Therefore, the respondent court is hereby prohibited from further exercising any jurisdiction in Case No. 70-3368, styled State of Florida v. Bob Harris, the relator herein, and from any further criminal proceedings stemming from the conduct or episode giving rise to the charges involving the relator herein.
Prohibition granted.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.