310 So.2d 445 (1975)
Nathaniel A. SUMBRY, Appellant,
v.
STATE of Florida, Appellee.
No. 74-428.
District Court of Appeal of Florida, Second District.
April 4, 1975.
*446 James A. Gardner, Public Defender, Sarasota, and Durand J. Adams, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
Defendant appeals from a conviction of possession of heroin contending that the state's delay of 171 days between the date of arrest and the filing of an information prevented him from adequately preparing his defense.
The defendant was taken into custody as a result of the conduct giving rise to the charge herein on September 17, 1973. The information was filed on the 171st day thereafter. The case then pursued the following chronology:

Tuesday, February 26, 1974  Appellant was arraigned, pleaded not guilty and was appointed counsel. Appellant's attorney filed a discovery demand. (172d day)

Thursday, February 28, 1974  Appellant's attorney received an answer to the discovery demand. (174th day)

Friday, March 1, 1974  The only working day for appellant's attorney to prepare for trial, since the trial date was set for Monday, March 4, 1974. (175th day)

Monday, March 4, 1975  The trial was held. (178th day)
Prior to trial appellant's counsel moved to dismiss the charge on the ground that the state's delay in prosecuting appellant prevented him from having a reasonable time to prepare for trial. As illustrative thereof, he pointed out to the court that he had just that morning, upon talking to the state witnesses, discovered the identity of two potential defense witnesses who could testify concerning the critical issue of identity and also discovered the existence *447 of a fingerprint expert who was listed as a state's witness. He had no opportunity to procure or depose the two potential state witnesses nor depose the fingerprint expert. The trial judge asked appellant's counsel if he wished to move for a continuance and waive his speedy trial right. Upon appellant's declining to do so the trial judge denied the motion and the trial proceeded to the instant conviction.
To begin with, we must agree with the trial court that appellant was not entitled to a dismissal of the charge. At that point, the 180-day time limit set pursuant to the speedy trial rule[1] had not run and we are aware of no other rule or law that would entitle appellant as a matter of right to a discharge at that time.
He is, however, entitled to due process, which requires that he have a reasonable opportunity to prepare his defenses. Under the facts here we are strongly of the view that he did not have that opportunity; and we reject the state's contention that he waived his right to move for a continuance. Any waiver in this regard was clearly coerced. Had he exercised that right, though, as perhaps he should have, we might well have had a true speedy trial question which we need not answer now. But on the issue of fair trial, since the precise question here is and was a novel one and because we are loath to put right and justice at the peril of split-second timing or infallible judgment, we cannot visit the consequences of his counsel's hesitancy in the premises upon appellant.
Notwithstanding, while appellant may have been denied due process as we view it now in its post-trial posture, we must add that the 171-day delay in filing the information cannot operate of itself to deny the state the right to go to trial within 180 days if the trial calendar permits.[2] Concededly, of course, the prosecution in any case might delay the filing of an information until so far into the 180-day period that the defendant's defense might be embarrassed if trial were held within that time. Unfairly, he may thus subtly be forced to make the unhappy choice between a speedy trial and a fair opportunity to prepare his case as was appellant's choice here. The trial judges of this state, however, have a proven track record on their ability to perceive oppressiveness or prosecutorial overzealousness. Upon reaching such a conclusion, a trial judge would be well within his rights we think to determine that the spirit of the speedy trial rule was violated, if not the letter, set the earliest trial date beyond 180 days and discharge the defendant upon the latter's motion on the 181st day. There is no indication that the trial judge here reached such a conclusion, however, and there is nothing in the record to support such a conclusion if he had.
Nevertheless, the defendant was no less deprived, as we've said, of a fair opportunity to prepare his case. His speedy trial rights under the Constitutions of the United States and of the State of Florida or under the rule were not violated, but his constitutional right to due process was. Accordingly, the judgment and sentence appealed from should be, and they are hereby, reversed and appellant is awarded a new trial.
HOBSON, J., concurs.
GRIMES, J., concurs specially with opinion.
GRIMES, Judge (concurring specially).
The speedy trial rule serves the laudable objective of trying to insure that an arrested person shall be brought to trial with *448 reasonable promptness. In spite of the care with which it was drawn, its drafters could not possibly conceive of every circumstance upon which it might have an effect. A case such as this presents one of those unforeseen circumstances which, of necessity, requires an interpolation of the rule in order to reach a fair result.
In my view, whenever an information is filed near the end of the applicable time limit prescribed by the speedy trial rule and the defendant urges that he has had insufficient time to prepare for trial, the court should first inquire into the circumstances of whether the defendant's position is well taken. If so, the court should then continue the trial for a sufficient length of time to allow the defendant a reasonable time to prepare even though the new trial date falls beyond the speedy trial limit. At the same time the court should consider whether or not exceptional circumstances exist under Rule 3.191(f), RCrP, as to extend the time for speedy trial to include the new date. See Allen v. State, Fla. 1973, 275 So.2d 238. I do not read that subsection of the rule to mean that only the six specifically described circumstances set forth therein may be considered as exceptional so as to extend the speedy trial time. Cf. State ex rel. Harris v. Wehle, Fla.App. 1st, 1972, 260 So.2d 887.
The reason why the state delayed so long in filing its information would probably be the most persuasive factor in the determination of whether the time should be extended. If in the words of the rule it resulted from "lack of diligent preparation" or "other avoidable or foreseeable delays," the court should not extend the time, realizing that as soon as the applicable time period has passed the defendant will be entitled to discharge upon motion under the rule. If, on the other hand, the state can present good reason for the delay in filing the information, the court should so indicate and extend the time for speedy trial to encompass the new trial date.
HOBSON, J., concurs.
NOTES
[1] Rule 3.191, RCrP.
[2] Though not present here, there may well be circumstances which would justify a trial judge in denying a continuance upon a finding that the defendant was, indeed, ready and well prepared for trial notwithstanding the lateness of the filing of the charge.