BOARDMAN, Chief Judge,
concurring specially.
The speedy trial rule provides that an accused must be brought to trial within 180 days of being taken into custody on a felony charge or on motion by the accused be discharged if he was continuously available for trial for that period of time. Fla.R. Crim.P. 3.191(a)(1). Subsection (e) clearly provides that during the time an accused is not available trial is stayed. In the typical case, running of the speedy trial rule period is tolled by the stay. See Fla.R.Crim.P. 3.191(e). The only exceptions to discharge after expiration of the 180-day period applicable to a felony offense are (1) a waiver of the rule by the accused which takes him out of the requirements of speedy trial codified in Rule 3.191[1] and (2) an extension of that period by order of the court which leaves the accused within the strictures of the rule.[2]
The period within which to bring the accused to trial may be extended beyond that set out in the rule for “excusable” delays in proceeding to trial which were precipitated either by the actions of the state or of the accused. See Fla.R.Crim.P. 3.191(d)(2). If due to the state’s unexcused actions trial is not commenced during the period prescribed by the rule plus any reasonable extensions ordered for excusable delays, the accused is entitled to be discharged. See Fla.R.Crim.P. 3.191(d)(3). If trial is not timely commenced because of an unexcused delay attributable to the ac *450 cused’s action, his motion for discharge will be denied.[3] Fla.R.Crim.P. 3.191(d)(3).
I agree with Judges Ott and Scheb that at the time the motion for discharge was filed the speedy trial rule period had not expired by virtue of the ten-day allowance granted appellee from January 10 to January 19. Because Rule 3.190(c) provides that the defense of insufficiency of the information is waived unless it is challenged before or at arraignment, the ten-day allowance in which to file a motion attacking the sufficiency of the information had the effect of rendering appellee unavailable for trial as a result of his request.
The facts of the case before us, like the facts underlying several of the appellate decisions resolving speedy trial rule problems, do not fit any one provision or section of Rule 3.191. Although I believe that an extension for ten days would have been authorized under 3.191(d)(2), I do not base my decision on this point. My analysis of this problem is bottomed on what I believe is the threshold question in determination of an accused’s entitlement to discharge for failure of the state to comply with the speedy trial rule, which simply stated is: Was the accused available for trial for the prescribed period. Due to appellee’s unavailability, running of the period was tolled from January 10 to January 19, and the speedy trial period would not have expired as it otherwise would have on January 19. Accordingly, it is not necessary to determine whether the action was excused or unexcused since the delay was accounted for by tolling.[4]
Appellee was available for trial after January 19, and the speedy trial period began running again on January 20 and should have expired on January 29. However, a second obstacle thwarted commencement of trial prior to January 29. On January 20 appellee’s attorney filed a motion for discharge based on his calculation of the expiration date as January 19 and scheduled a hearing on this motion for January 31. This panel’s common conclusion that the speedy trial rule period had not expired as of the time the motion was filed rendered the motion for discharge premature on that date and ineffective until it matured upon expiration of the period. See Fla.R.Crim.P. 3.191(d)(1). The trial court’s denial of the state’s motion to advance the trial originally scheduled for March 8 to a date within the period was predicated on this motion for discharge and what it termed the state’s attempt to circumvent the speedy trial rule.[5]
Although in this case the premature filing of the motion for discharge ultimately proved to effectively render appellee unavailable for trial during the remainder of the speedy trial rule period, I am reluctant to conclude that the accused would be unavailable for trial as contemplated by 3.191(a)(1), (e) by filing the motion prematurely. Nonetheless, since appellee’s counsel had scheduled a hearing on the motion after the January 29 expiration date and since the trial court was determined to dispose of the motion for discharge before considering any further activity in this case, *451 it is clear that an extension of the speedy trial period was necessary.
Subsequent to entry of the order of discharge, the state moved for an extension of the speedy trial period to allow for appeal of that order. The trial court granted an extension until the time it received the mandate of the appellate court. This was responsive to the state’s Rule 3.191(d)(2) motion. Where, as in this case, however, the appellate court reverses an order of discharge and remands for trial, the state is allowed ninety days from receipt of that mandate to commence trial. See State v. Anglin, 333 So.2d 502 (Fla.2d DCA 1976); Fla.R.Crim.P. 3.191(g).

. The accused’s right to a speedy trial under the constitutional guarantee of trial within a reasonable time is not affected by a waiver of the speedy trial period set out by the Florida rules of procedure.

. Discussion of the speedy trial rule is somewhat obscured by reference on occasion to “charging” an extension either to the accused or to the state. The scheme set out by the speedy trial rule does not contemplate that extensions of the speedy trial period are to be assessed against one party or the other.

. Several sections of the rule imply that an unexcused delay constitutes a waiver of the speedy trial rule. A motion to discharge constitutes a demand for speedy trial within ninety days where the motion is denied due to the unexcused actions of the accused. See Fla.R.Civ.P. 3.191(d)(3).

. Tolling of the running of the period or an extension of the period obviously has the same effect and there is no meaningful distinction between them in a situation such as the one we are considering. Nonetheless, in some instances the difference between tolling and an extension is significant. While an extension requires an order by the trial court the rule implies that tolling is an automatic result of the accused’s unavailability.

.Under these circumstances it may well have been that a trial held before January 29 would not have afforded appellee his right to a fair trial. However, this does not affect the speedy trial issue raised by this appeal. See Sumbry v. State, 310 So.2d 445 (Fla.2d DCA 1975). Judge Grimes suggested in a special concurrence in Sumbry that where due to the state’s conduct it is necessary that the trial court grant the accused a continuance beyond the speedy trial period to protect his right to a fair trial, it would not necessarily follow that an extension of the speedy trial rule would be mandated.