PER CURIAM.
The issue presented by this petition for writ of prohibition is whether “exceptional circumstances” existed which would justify the trial court’s extension of the speedy trial period for sixty days. See Fla.R. Crim.P. 3.191(f). The trial court’s well-reasoned order extending the time for speedy trial is adopted as this Court’s opinion as set forth below.
Defendant, Timothy Wayne Hampton, was arrested on a warrant charging Murder in the Second Degree on August 4, 1981. The probable cause supporting the issuance of the arrest warrant was furnished largely by one who claimed to be an eye witness to the murder. Two weeks later, on August 18,1981 the State Attorney’s office filed an information charging defendant with one count of Second Degree Murder in the death of one Samuel Walker.
On September 21, 1981 the State took the matter before the Leon County Grand Jury seeking an indictment for Murder in the First Degree. When called to give her testimony before the Grand Jury, the supposed eye witness recanted her statement given previously to police officers and claimed that she had been coerced, that she did not witness the killing of Samuel Walker and further that she did not even know Samuel Walker. Because this testimony was crucial to the State’s case and the supposed eye witness was adamant in her recantation, the Grand Jury, finding insufficient evidence to support a prosecution for murder in any degree, returned a no-true bill on September 22, 1981. On the following day, the State filed a nolle prosequi of the charge contained in the information then pending. It is noted parenthetically that the same attorney who now represents defendant in the instant proceeding represented him during the events described above.
Although the death of Samuel Walker was the subject of continuing investigation, nothing more of any significance happened until January 11, 1982. On that day the defendant, accompanied by his attorney, was in the Leon County Courthouse for the purpose of entering a no contest plea to an unrelated charge. While standing with his attorney in the corridor outside the courtroom during a break, defendant was observed by one Don Strickland, a person with whom defendant had shared a cell at the Leon County jail for a short period of time after defendant’s arrest in August of 1981. Strickland was in the Leon County Courthouse to confer regarding his work assignment with Sergeant Burl Peacock, coordinator of a community service program established as an alternative to incarceration. During conversation with Sergeant Peacock, Strickland revealed that, while the two were cellmates, he had overheard defendant admit shooting Samuel Walker and disposing of his body. Sergeant Peacock immediately reported this matter to Assistant State Attorney Robert Cummings who in turn caused another information to be filed charging defendant once again with the crime of Second Degree Murder in the death of Samuel Walker. This second information for the same offense was filed on January 12, 1982, defendant was arraigned on January 14, 1982, and trial was set for January 27, 1982.
*1390 Superimposing the above recited sequence of operative events on the face of the 180 day speedy trial clock, it appears that the information in the instant case was filed on day 162, defendant was arraigned two days later and trial was set on the 177th day. The motions which are the subject of this Order were filed on the 169th day. The speedy trial clock will wind down on Monday, February 1, 1982, unless reset by the Court before that time.. . .
Fla.R.Crim.P. 3.191(f) provides that the court may order an extension of the speedy trial time where exceptional circumstances are shown to exist. Such circumstances are defined as those which as a matter of substantial justice to the accused or the State or both require an order by the court. While the rule sets forth several examples of circumstances deemed to be exceptional, it does not purport to include an exhaustive or exclusive cataloging of such circumstances. State v. Felton, 348 So.2nd 1214 (Fla. 4th DCA 1977). Judge Stephen Grimes, in a concurring opinion in Sumbry v. State, 310 So.2d 445 (Fla.App.2nd DCA 1975), observed that the “speedy trial rule serves the laudable objective of trying to ensure that an arrested person shall be brought to trial with reasonable promptness. In spite of the care with which it was drawn, its drafters could not possibly conceive of every circumstance upon which it might have an effect.
Sit * * * sp *
In his opinion in Sumbry, Judge Grimes offers guidance to the trial judge faced in a similar case with the duty to assure “substantial justice” to an accused and the State.
In my view, whenever an information is filed near the end of the applicable time limit prescribed by the speedy trial rule and the defendant urges that he has had insufficient time to prepare for trial, the court should first inquire into the circumstances of whether the defendant’s position is well taken. If so, the court should then continue the trial for a sufficient length of time to allow the defendant a reasonable time to prepare even though the new trial date falls beyond the speedy trial limit. At the same time the court should consider whether or not exceptional circumstances exist under Rule 3.191(f), RCrP, as to extend the time for speedy trial to include the new date.
(Citations omitted).
The reason why the state delayed so long in filing its information would probably be the most persuasive factor in the determination of whether the time should be extended. If in the words of the rule it resulted from “lack of diligent preparation” or “other avoidable or foreseeable delays,” the court should not extend the time, realizing that as soon as the applicable time period has passed the defendant will be entitled to discharge upon motion under the rule. If, on the other hand, the state can present good reason for the delay in filing the information, the court should so indicate and extend the time for speedy trial to encompass the new trial date.
Applying Judge Grimes’ view to the case at hand it seems clear and counsel and the court agree that defendant has had insufficient time to prepare his defense. It is equally clear that the turn of events that brought the defendant once more before the court charged with the same offense previously nolle pressed for lack of creditable evidence were not contrived by the state nor were they the product of prosecutorial dilly, dally, delay, oppressiveness, or over zealousness. But for the chance encounter between the defendant and his former cellmate three weeks before the running of the speedy trial time he would never have been called to account. Not only are the circumstances offered by the State in its extension request fortuitous and unforeseeable; [tjhey are exceptional within the meaning and intendment of the rule.
*1391 The petition for writ of prohibition is DENIED.
BOOTH, SHIVERS and JOANOS, JJ., concur.