426 So.2d 46 (1982)
STATE of Florida, Appellant,
v.
Robert James FRASER, Appellee.
No. 81-1284.
District Court of Appeal of Florida, Fifth District.
December 15, 1982.
Rehearing Denied February 7, 1983.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellant.
Kirk N. Kirkconnell and Warren W. Lindsey of Muller & Kirkconnell, P.A., Winter Park, for appellee.
Russell Troutman of Troutman, Parrish & Williams, P.A., Winter Park, for amicus curiae Elena Reis.
*47 ORFINGER, Chief Judge.
We are again confronted with a troublesome problem involving the interpretation of the speedy trial rule. The trial court determined that appellee's rights under the rule had been violated and that he was entitled to discharge. We disagree and reverse.
Appellee, Robert J. Fraser, was arrested on April 2, 1981, for driving under the influence of an alcoholic beverage and driving with an unlawful blood alcohol level in violation of sections 316.193(1) and (3), Florida Statutes (1979), as a result of an accident in which he was involved and in which three people were killed. The next day, the State filed a no information notice. Appellee was rearrested on April 21, 1981, for driving while intoxicated in violation of section 860.01(1), because of the same incident, and another no information was filed by the State. On June 22, 1981, a felony information was filed charging appellee with three counts of manslaughter in violation of section 860.01(2), Florida Statutes (1979), and three counts of vehicular homicide in violation of section 782.071. A capias was issued and appellee was rearrested on these new charges on August 25, 1981.[1] Appellee was arraigned and trial was set for September 14, 1981. For reasons which are not clear in the record, but which we will not attribute to appellee, trial was reset for September 28, 1981. Both parties agree that this date was within speedy trial time.
After his last arrest and arraignment, appellee filed a motion for discovery,[2] to which the State responded on September 4, 1981, listing twenty one witnesses known to the prosecutor as having information relevant to the offenses charged. Of these persons, three were state troopers, three were doctors, and two were members of the Sheriff's breathalyzer unit. The State supplemented the response on September 14, adding four additional names, and further supplemented the response on September 24, adding one more name.
Appellee scheduled a series of depositions for September 23, 24, and 25th, and subpoenaed the witnesses. Most of those scheduled appeared. Troopers Boyette and Anderson did not appear, nor did witnesses Julia and Roger Gilstrap. Boyette did not appear because he was undergoing heart surgery.[3] Anderson had only taken a statement from the Gilstraps, and otherwise had no knowledge of the case. The State did not intend to use him at the trial. Several of the witnesses were not scheduled for depositions, nor were they subpoenaed, and no depositions were scheduled at all after September 25th. On September 28, appellee *48 appeared and moved for a dismissal for violation of his speedy trial rights (although the time had not run) or for a rescheduling of the trial, the extended time to be charged to the State. Appellee asserted that he was not ready for trial, and that his lack of readiness was due to the unexplained delay of the State in charging him, leaving him with little time to prepare. The trial court denied the motion to dismiss, but extended the trial date to a time more than 180 days from the date of the original arrest, and later granted the motion for discharge from which this appeal follows.
Appellee relies on dictum in Sumbry v. State, 310 So.2d 445 (Fla. 2d DCA 1975), as authority for the proposition that a trial judge has the right, when he thinks that the spirit of the speedy trial rule has been violated (if not the letter) to set the trial date beyond 180 days and thereafter discharge a defendant upon his motion.
In Sumbry, the State did not file an information until 171 days after the defendant was arrested. The case was set for trial on the 178th day, and it was conducted on that day over objection of the defendant that he did not have sufficient time to prepare (although he refused to move for a continuance). On appeal from the conviction, the District Court held that appellant's due process rights required that he be given adequate time to prepare. The court recognized, however, that
... Notwithstanding, while appellant may have been denied due process as we view it now in its post-trial posture, we must add that the 171-day delay in filing the information cannot operate of itself to deny the state the right to go to trial within 180 days if the trial calendar permits. ...
Id. at 447. (emphasis added).
Despite its own dictum, and notwithstanding the fact that the defendant had been given only seven days to prepare for trial after the information was filed,[4] the Sumbry court reversed for a new trial, not for discharge.
Appellee also relies on State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975) and Mulryan v. Judge, Division "C" Circuit Court of Okaloosa County, 350 So.2d 784 (Fla. 1st DCA 1977). Both cases, by the same court, stated the proposition that a defendant should not be required to choose between his (due process) right to a fair trial and his speedy trial rights, and although in both cases the court ordered the defendants discharged, no sufficient explanation appears for the holding.[5]
It should be noted that both Wright and Mulryan were decided under speedy trial language that has since been amended. The rule, as it existed then, although requiring "availability for trial" as a condition to discharge, did not define "availability." Thus, the term was left to interpretation by the courts, which in the cases cited, determined that the defendants were available for trial, even though not prepared on the trial date. The 1980 amendment to the rule, which controls here, has made the cited cases no longer supportive of appellee's position.
A motion for discharge under the Rule should not be granted if a defendant has been unavailable for trial. Fla.R. Crim.P. 3.191(d)(3). A person is unavailable for trial if ... (2) the person or his counsel is not ready for trial on the date trial is scheduled. Rule 3.191(e).[6] Thus, a defendant's speedy trial rights are not violated if his case is set for trial within the time required by the rule. At that time, if defendant is not ready for trial, while due process rights may be implicated if the scheduled trial date is one on which defendant *49 could not reasonably be expected to be prepared, defendant's speedy trial rights under the rule have been observed. A defendant who is compelled to go to trial unprepared may raise his due process rights in the trial court and on appeal, where each case will be determined on its own facts.
Here, at least part of the reason for defendant's unpreparedness on the trial date was the fact that his counsel took no more depositions after the morning of September 25th. Counsel candidly advised the court that he scheduled no further depositions after that date because he did not want to demonstrate "unavailability" by ongoing discovery proceedings. See Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1964). However, this maneuver has been criticized as a "gotcha" tactic. State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980).
We hold that defendant's speedy trial rights under Rule 3.191 were not violated in this case when trial was scheduled within the time limitations of the rule and defendant advised the court he was not prepared for trial.[7] The order discharging defendant is reversed, and the case is remanded for further proceedings.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] There is no suggestion that the delay in rearresting appellee on the felony charges was in any way attributable to appellee. The State simply cannot explain the delay, although there is no suggestion in the record that the delay was a deliberate or calculated move.
[2] After each earlier arrest, appellee had filed motions for discovery, but since these charges were dismissed almost immediately after they had been filed, no responses were filed.
[3] Boyette was the homicide investigator who was at the scene of the accident and who conducted the subsequent investigation. His name was known to appellee from the start and there was no attempt made by appellee to explain his reason for not deposing Boyette before the surgery. The State could not locate the Gilstraps, who apparently gave a false address, so they would not have been available for the trial.
[4] In the case before the court, the felony information was filed 98 days before speedy trial would run, and defendant was taken into custody on the felony charge 33 days before speedy trial time expired.
[5] In Wright, the case had never been set for trial within 180 days, so this may justify the result, although it does not appear to be the reason for the holding.
[6] The committee notes following the rule indicate that "availability for trial is now defined solely in terms of required attendance and readiness for trial." Notes, Rule 3.191(e).
[7] It is argued that a literal interpretation of the rule would permit the State to abuse it by deliberately withholding charges until just before speedy trial time runs. In reply to this argument, we note that it has not been demonstrated that the State acted in bad faith here, nor did the trial court so find. Thus, we leave for another day and another case any question of the applicability of this decision to circumstances where the State's bad faith has been demonstrated by the facts and found to exist by the trial court.