BOARDMAN, EDWARD F., (Ret.) Judge.
The state challenges the trial court’s order dismissing the charges against appel-lees and discharging them from further prosecution on the basis of the procedural due process violation purportedly reflected in the following chronology of events. We reverse.
According to the record, appellee George N. Borges was arrested on April 25, 1983, for allegedly dealing in stolen property and committing four counts of grand theft. Appellees Ralph Borges and Mary Ann Yglesia were arrested the next day for the same offenses.
The state charged appellees by information with two counts of grand theft on September 9, 1983, 137 days after George Borges’ arrest and 136 days after Ralph Borges’ and Mary Ann Yglesia’s arrests. Arraignment of all three individuals followed on September 15, 1983. Appellees appeared at arraignment without benefit of counsel, entered pleas of not guilty, and were scheduled for trial on October 18, 1983, a date 39 days after the charges had been filed and 4 and 5 days, respectively, before expiration of the 180-day speedy trial period for each appellee.[1]
On September 19, 1983, appellees retained Attorney Frank V. Vaccaro to represent them in defending against the charged offenses;[2] Vaccaro demanded discovery from the state on the day following his retention. The state responded to defense counsel’s discovery demand by furnishing the names of fourteen witnesses who had information about the charged offenses and by disclosing its possession of statements given by each appellee, information provided by a confidential informant, tangible papers not obtained from appellees, and documents relating to search and seizure. Although the state provided this information in an answer filed with the clerk’s office at 4:38 p.m. on Friday, September 30, 1983, defense counsel did not receive the state’s answer until Monday, October 3, 1983, 14 days before the scheduled trial date.
After attempting, without success, to schedule depositions through the state attorney’s office, defense counsel moved for a continuance chargeable to the state on October 10, 1983. In support of this motion, Mr. Vaccaro argued that the state’s delay in charging his clients had left them with an insufficient time to prepare for trial within the period mandated by the expedited trial date. According to defense counsel, the continuance necessitated by the state’s delay should be charged to the prosecution in order to safeguard appellees from having to waive their speedy trial rights under Florida Rule of Criminal Procedure 3.191 in order to protect their coequal right to adequate preparation under rule 3.220. Judge Ray E. Ulmer, Jr., granted appellees’ motion but declined to charge the continuance' to the state. Ap-pellees’ trial was rescheduled for the week of February 20, 1984, a date approximately 10 months after their arrests. The 180-day speedy trial period was not extended during the resulting interim, and appellees at no time demanded a speedy trial.
On December 5, 1983, appellees moved for dismissal of the charges against them or alternately for discharge from prosecution on the basis that the state’s inaction had presented them with the “Hobson’s choice” of sacrificing their right to a speedy trial under rule 3.191 in order to preserve their right to adequate prepara *377 tion for trial. Appellees maintained that forcing them to make such a choice deprived them of procedural due process of law, in contravention of both the federal and state "constitutions. At a motion hearing held on January 5, 1984, the assistant state attorney explained to the court that the delay in charging appellees had resulted from the state’s need to marshal its evidence and corroborate information furnished by a confidential informant. Judge Wayne L. Cobb agreed with appellees’ contention, however, and granted their motions for dismissal on January 17, 1984, discharging them from further prosecution on the charged offenses. The state then filed this timely appeal.
After subjecting this case to exhaustive examination, we have found no valid legal theory supporting the trial court’s decision to relieve appellees from further prosecution under the facts presented.
Appellees have predicated their claim for relief upon a procedural due process violation which allegedly resulted from the “Hobson’s choice” created by the state’s delay in filing charges against them. However, they have cited no persuasive authority expressly recognizing a criminal defendant’s due process right to dismissal of the charges against him when confronted with such a choice. While appellees submit that Mulryan v. Judge, Division “C” Circuit Court, 350 So.2d 784 (Fla. 1st DCA 1977); State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975), and Sumbry v. State, 310 So.2d 445 (Fla. 2d DCA 1975), support their contention, we find these cases distinguishable.
Mulryan and Wright admittedly discharged defendants who were presented with the “Hobson’s choice” faced by appel-lees, but both cases apparently were decided under an application of the procedural speedy trial rule then in effect. See Mulryan, 350 So.2d at 785 (on petition for rehearing); Wright, 320 So.2d at 882. As the Fifth District noted in State v. Fraser, 426 So.2d 46, 48 (Fla. 5th DCA 1982), petition for review denied, 436 So.2d 98 (Fla.1983), “no sufficient explanation appears for the holding” in either case. In any event, both cases predate the 1980 amendment to Florida Rule of Criminal Procedure 3.191(e) and hence would not be dispositive of a question governed by the amended rule. See Fraser, 426 So.2d at 48.
Likewise, this'court’s decision in Sumbry v. State lends no support to the particular due process argument advanced by appel-lees. In Sumbry, this court reversed the conviction of a defendant who had been given 7 days to prepare for trial after having been charged by information 171 days after his arrest, concluding that the defendant’s due process right to adequate preparation for trial had not been observed under the circumstances presented. Unlike appellees, who were granted a continuance to facilitate full preparation for trial, the defendant in Sumbry was compelled to go ■to trial unprepared after he refused to waive the protection of the speedy trial rule by seeking a continuance. Although the Sumbry court acknowledged in dictum that the prosecutor’s delay in filing the information might subtly force a defendant to make “the unhappy choice between a speedy trial and a fair opportunity to prepare his case,” Sumbry, 310 So.2d at 447, the court also observed that a “171-day delay in filing the information cannot operate of itself to deny the state the right to go to trial within 180 days if the trial calendar permits.” Id. Conversely, the court opined that discharge might be appropriate under the then-prevailing speedy trial rule when the spirit of the rule had been violated by a charging delay which resulted from “oppressiveness or prosecu-torial overzealousness” — a conclusion not supported by the record presented in either Sumbry or the instant case. See id. Thus, the Sumbry court remanded for a new trial and did not dismiss the charges against the defendant solely because he had been confronted with the “Hobson’s choice” described by appellees.
Although appellees have not attempted to justify the trial court’s dismissal under the more traditional grounds commonly advanced for such relief, we have independently examined and rejected each potential theory. As appellees con *378 cede, they were not entitled to discharge under the speedy trial rule when their trial was scheduled within the period required by the rule and they were unprepared and, hence, “unavailable” for trial on the scheduled date. See Fraser, 426 So.2d at 48.[3]
Similarly, the facts presented do not suggest that appellees have suffered a deprivation of due process as a result of preaccusatorial delay, which would mandate dismissal of the charges against them under the test set forth in United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, rehearing denied, 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977). Accord Marrero v. State, 428 So.2d 304 (Fla. 2d DCA 1983); Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982). Arrest itself constitutes a form of official accusation, United States v. MacDonald, 456 U.S. 1, 6, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696, 702 (1982); Dillingham v. United States, 423 U.S. 64, 65, 96 S.Ct. 303, 303, 46 L.Ed.2d 205, 207 (1975), and appellees presumably were promptly arrested as soon as probable cause arose to link them with the alleged offenses. Thus, these facts do not demonstrate the existence of preaccusatorial delay.
Finally, the record indicates that appellees have failed to allege or demonstrate a deprivation of their constitutional right to a speedy trial under the four factors enumerated in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and summarized as follows: (1) the length of the delay, e.g., whether the delay is presumptively prejudicial; (2) the reason for the delay; (3) whether the accused has timely asserted his rights, and (4) the existence of actual prejudice as a result of the delay. Barker, 407 U.S. at 530-33, 92 S.Ct. at 2191-2194. As the First District noted in Howell v. State, 418 So.2d at 1171, the length of delay serves as a starting point which triggers examination of the other factors if the delay is of such length as to be “presumptively prejudicial.” A court need not inquire into the other factors delineated in Barker when the delay has not been presumptively prejudicial. Id. (quoting State v. Bonamy, 409 So.2d 518, 519 (Fla. 5th DCA 1982)). We do not deem the approximate eight-and-one-half-month delay occurring between appellees’ arrests on April 25 and 26, 1983, and the January 5, 1984, hearing on their motions for discharge to be presumptively prejudicial so as to mandate' further examination under Barker v. Wingo. Were we to undertake such an examination, however, we would find appellees’ failure to allege the manner in which their defense was actually and materially prejudiced by the trial delay dis-positive of the issue, particularly when the record contains no suggestion that the delay resulted from the state’s deliberate attempt to gain a tactical advantage.
Based on the foregoing analysis, we reverse the trial court’s order dismissing the charges against appellees and remand for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and LEHAN, J., concur.

. Specifically, trial was scheduled for a date 176 days after George Borges' arrest and 175 days after Ralph Borges' and Mary Ann Yglesia’s arrests.

. Vaccaro appeared with appellees at their first appearance as an accommodation to them. He was not officially retained to defend them until September 19, 1983.

. As in Fraser, we express no opinion as to a defendant’s entitlement to discharge under the speedy trial rule when the facts demonstrate, and the trial court has found, that the charging delay resulted from the state's bad faith. See Fraser, 426 So.2d at 49 n. 7.