PER CURIAM.
A juvenile appeals an order denying a motion to dismiss the delinquency petition for discovery violations. The state and defense dispute when and what discovery was provided. While the speedy trial deadline was fast approaching when the motion to dismiss was heard, there were still a few days left in the period. Nevertheless, after the court’s ruling, instead of attempting to complete discovery or asking for a short continuance, the juvenile pled no contest to the remaining charge and was ordered to perform community service.
Based on the foregoing we cannot find that the trial court erred in denying the motion to dismiss. See Sumbry v. State, 310 So.2d 445 (Fla. 2d DCA 1975). The juvenile has not shown irreparable prejudice which would justify a dismissal based on due process grounds. See State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984). In particular, instead of attempting to prepare for trial the juvenile pled no contest thus removing the prejudicial effect of late discovery and obviating the need for further discovery. Under these circumstances he was not forced to choose between his due process rights and his speedy trial rights. See e.g., Sumbry, 310 So.2d 445, 448 (Judge Grimes concurring).
Affirmed.
DELL, STONE and WARNER, JJ., concur.