744 So.2d 1051 (1999)
Patrick R. STAVELEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2263.
District Court of Appeal of Florida, Fifth District.
August 27, 1999.
Rehearing Denied October 13, 1999.
*1052 Robert R. Foster and Christopher R. Ditslear, DeLand, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
McNEAL, R., Associate Judge.
Patrick R. Staveley appeals his conviction for DUI manslaughter on eight grounds. We conclude that none of the alleged errors requires reversal. However, his complaint about the late discovery and failure to conduct a Richardson hearing merit discussion.
The trial was scheduled for June 1, 1998, the last day for a speedy trial. On May 21, 1998, the state notified appellant of their expert. Later that day, the state learned that the expert was not available on the day of trial and substituted another expert. The state faxed the new expert's name to the defense on May 21, and mailed a supplemental witness list. The defendant's attorney told the trial court that he did not receive the facsimile and did not learn of the change until May 26, five days before trial. Both attorneys supplemented their witnesses during the ten days before trial. The state took depositions, but the defendant did not schedule a deposition of the state's expert.
On the morning of trial, the defendant moved to continue the trial and for the continuance to be charged against the state. In the alternative, defendant requested the court to preclude the expert from testifying. He argued that the state's late disclosure of the witness forced him to choose between his right to a speedy trial and his right to effective discovery. The judge listened to both attorneys and found that neither attorney was more dilatory than the other in the late preparation for trial. The court gave the defendant two options. He could select a jury and take the deposition of the expert before the expert testified, or he could have a continuance and waive speedy trial for a specific period of time. The defendant elected to go to trial and declined to take the expert's deposition.
The state must furnish discovery within sufficient time to allow the defendant to prepare for trial without forfeiting *1053 his right to a speedy trial. If material discovery is not furnished in sufficient time for the defendant to prepare for trial before the speedy trial time expires, the court may continue the case and charge it to the state even if it results in a later dismissal for violation of the speedy trial rule. State v. Del Gaudio, 445 So.2d 605, 611 (Fla. 3d DCA), rev. denied, 453 So.2d 45 (Fla.1984). When the trial court learns of a possible discovery violation, the court must determine: 1) whether the violation was inadvertent or willful, 2) whether the violation was trivial or substantial, and 3) what effect the violation had on the defendant's ability to properly prepare for trial. Sims v. State, 681 So.2d 1112, 1114 (Fla. 1996); Richardson v. State, 246 So.2d 771 (Fla.1971). The court has the discretion to fashion an appropriate remedy after considering these factors. McDonnough v. State, 402 So.2d 1233 (Fla. 5th DCA 1981).
In this case, the court determined that the defendant could properly prepare for trial by taking the expert's deposition after the jury was selected. The court made the same ruling on the defendant's expert who the state deposed after the first day of trial. The expert witnesses were being called to extrapolate the blood alcohol level back to the time of the crash. The defense was aware that the state would be calling someone to do this and had retained their own expert to counteract the anticipated testimony. Apparently the defendant did not need the deposition of the state's expert because he did not attempt to take it before trial and did not take it after the trial judge offered him another opportunity. See State v. Fraser, 426 So.2d 46, 49 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 98 (Fla.1983) (defendant was not forced to choose between his right to a fair trail and his right to a speedy trial when he failed to take depositions three days before trial). Because he did not take the deposition, the defendant cannot demonstrate prejudice.
The defendant also contends that the trial court did not conduct a Richardson hearing. A Richardson hearing is not required unless there is a discovery violation. Celestine v. State, 717 So.2d 205, 206 (Fla. 5th DCA 1998). Both sides furnished last minute witnesses. The defendant furnished witnesses on May 28, three days before trial. The court was disturbed by the attorneys' late preparation, but did not find that either committed a discovery violation. Even if there was a violation, the court correctly considered other alternatives to excluding the witness. Cooper v. State, 336 So.2d 1133, 1138 (Fla.1976). Finally, even if the hearing on defendant's motions was not a full Richardson hearing, it was harmless error. It is clear from the trial transcript that the defendant's trial preparation and strategy would not have been materially different even if the witness had been furnished sooner. State v. Schopp, 653 So.2d 1016 (Fla.1995). Under these circumstances we cannot find that the trial court abused its discretion.
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.