781 So.2d 524 (2001)
STATE of Florida, Appellant,
v.
Jay Roy ANDERSON, Appellee.
No. 5D00-1193.
District Court of Appeal of Florida, Fifth District.
April 6, 2001.
*525 Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellant.
Shannon McLin Carlyle, of Shannon McLin Carlyle, P.A., Leesburg, and Steven G. Horneffer, of Law Offices of Steven G. Horneffer, P.A., Longwood, for Appellee.
GRIFFIN, J.
The State appeals the trial court's order granting appellee's motion to dismiss. We affirm.
On September 13, 1999, the defendant Jay Roy Anderson ["Anderson"] was issued three citations, one of which was leaving the scene of an accident with injuries. On September 17, 1999, Anderson retained counsel and, on September 20, counsel filed a notice of appearance, written plea of not guilty and request for hearing. Anderson was charged by information on November 16, 1999 and a capias was issued on November 23. On October 20, the clerk of the county court informed defense counsel that there was no case with citation numbers corresponding to those on the document filed by defense counsel, and returned the pleadings. Defense counsel was also informed that the citation number was a felony citation number and his papers should be filed with the clerk's felony division. In accordance with this instruction, on October 21, 1999, defense counsel then filed a notice of appearance of counsel, request for a copy of charge, waiver of personal appearance at arraignment, and written plea of not guilty. Copies were served on the felony division of the state attorney's office. Once again, on October 26, the clerk's office returned the filings, advising that no case by the citation numbers given was filed in either division. This all came about because the arresting officer failed to file the citations. Section 316.650, Florida Statutes requires the officer to file the citation within five days.
On March 21, 2000, one hundred ninety days after the issuance of the citations, the defendant filed his notice of expiration of speedy trial. On March 29, 2000, defense counsel received a telephone message left at 5:22 p.m. on March 28, 2000, from Assistant State Attorney, Elizabeth Calhoun, advising that Judge Stroker had scheduled the case for trial on Monday, April 3, 2000. Defense counsel returned the call to Elizabeth Calhoun and advised her that, inasmuch as Mr. Anderson had never been arraigned and the State had not responded to the Notice of Election to Participate in Discovery filed in October of 1999, it would be unfair and prejudicial to set him for trial on April 3, 2000.
On March 30, 2000 at 9:05 a.m., defense counsel's office received a message from Judge Stroker's judicial assistant, left at 8:44 a.m., indicating that the court had scheduled an arraignment at 1:30 p.m. on *526 March 30, 2000 as well as the State's Motion for Telephone Testimony. At approximately 9:45 a.m., defense counsel learned of the court's message. He had the defendant contacted and advised to appear at the 1:30 p.m. proceeding.
The defendant moved to dismiss the charges, urging that the procedural posture of the case was entirely the fault of the State and that to fail to file the citation as required by law, to arraign the defendant on two days' notice three days before the last date to try him under the speedy trial rule, to set a trial date without notice to the defendant and to not inform him until five days before trial deprived defendant of the trial preparation to which he was entitled and would be fundamentally unfair. The lower court agreed, explaining:
What we have here is a series of errors. The first error appears to be that the citation was not timely filed. Once the citation was timely filed or was filed but not timely, the information could have been generated much more quickly than it was but it was rather slowly generated. It did result in a probable cause warrant being issued which sat unattended until near the end of the expiration of speedy trial. I don't like a situation where defense counsel lays in the bushes waiting for speedy trial to expire, but that's not what this case appears to be ... This case was a situation where counsel tried to communicate with the court, tried to file pleadings and they were rejected by the court system. Once speedy trial had expired, I should have set this case for hearing within five days and set it for trial within ten days. In my haste to rectify the expiration of speedy trial, I simply set it for trial within ten days and that was my error. Thereafter he had never been arraigned and so he finally got arraigned this afternoon. That leaves him one day from arraignment to trial with no discovery and all of those combined results inif I were to force him to trial on Monday, the end of speedy trial perioda fundamental denial of due process. Accordingly, because of the series of errors, I don't believe this case can further be prosecuted.
In State v. Hancock, 529 So.2d 1200 (Fla. 5th DCA 1988), we held that it was not fatal to the prosecution that the citation was not timely filed as required by section 316.650(3). We gave three reasons: (1) in Hancock, the motion was filed after arraignment; (2) no "further steps in the violator's prosecution" depend on the filing of the citation; and (3) the burden of the delay falls on the State because speedy trial is running all the while the State is in non-compliance with the statute. In this case, the first reason does not apply and as this case illustrates, the second appears to be erroneous. The third reason, if it is to be given effect, supports the trial court's decision. If the defendant is not to be given the benefit of section 316.650, he must have speedy trial; otherwise, he is in a Catch 22. The State, through every involved agency, having failed to execute the law as required, now expects the defendant to choose between speedy trial and trial preparation. Importantly, a demand for a speedy trial acts as a representation that:
[t]he accused is available for trial, has diligently investigated the case, and is prepared or will be prepared for trial within 5 days. A demand filed by an accused who has not diligently investigated the case or who is not timely prepared for trial shall be stricken as invalid on motion of the prosecuting attorney.
Fla. R.Crim. P. 3.191(g). The "speedy trial without demand" rule has no such provision, *527 however. It is simply a required notice to the State that the constitutional imperative of a speedy and public trial is about to be violated and the State had better hurry and use the one remaining remedy it has-the one specified in Rule 3.191(p)-before the speedy trial deadline expires. The fact that the State's own mistakes have made it impossible for a fair trial to be conducted before the extension expires burdens the State, not the defendant. The lower court was right to dismiss the case.
AFFIRMED.
SHARP, W., and SAWAYA, JJ., concur.