PER CURIAM.
Thomas Pura petitions for a writ of prohibition to preclude the trial court from proceeding with trial and also requests that the court be required to discharge him.
Pura was arrested on August 2, 2000 and the charging affidavit was promptly filed bearing file number CR00-10386. Pura’s attorney filed a notice of appearance and demand for discovery on August 28, 2000. The State did not file its information until more than four months later, on January 4, 2001, charging him with lewd and lascivious exhibition and lewd and lascivious conduct with minors for which he was arrested in early August, 2000. Pura was arraigned on January 15, 2001, trial was scheduled for February 26, 2001 and he filed a notice of expiration of speedy trial on January 31, 2001.
On February 5, 2001, the State filed a response to Pura’s August 28, 2000 demand for discovery, together with a notice of supplemental discovery, amended witness list, and notice of intent to introduce victims’ hearsay statements. Trial was then rescheduled for February 12, 2001 after a speedy trial hearing on February 6, 2001.
Attempts were made after February 6, 2001 to schedule depositions, but Pura’s attorney had only one day available before trial to take the depositions and was unable to complete the depositions of three police officers. An additional complication arose when the State revealed that one of the three minor victims had moved to France and was unavailable except by telephone, communication that the State offered to arrange.
The February 12, 2001 trial date arrived and Pura filed a motion for sanctions for willful violation of discovery. He alleged that the August 28, 2000 discovery demand *438 required the State to provide discovery within 15 days after the information was filed and that the State’s late compliance prejudiced him because it was too late and too expensive to fly to France to depose a minor victim and to transcribe the depositions for use at trial. Additionally, he could not then timely file a pre-trial motion to exclude the minors’ hearsay statements and could not investigate and challenge the warrant to search his home, which was based in part on the French victim’s statement.
The trial court denied Pura’s motions, finding that the August 28, 2000 demand for discovery was a nullity because it was filed prematurely before any information was filed. The trial court reasoned that the State had no actual notice of the discovery demand until January 31, 2001 when the notice of expiration of speedy trial was filed. Immediately following the denial, Pura announced that he was not ready to proceed to trial. The trial court then found that he was unavailable, and had therefore waived speedy trial. Pura responded with a motion for discharge and when that was denied, he filed the instant petition. In considering whether to grant the petition, we must first determine whether Pura’s notice of discovery was premature. If so, we must then determine whether it was a nullity or whether the State was required to provide discovery once the information was filed and without any further action by Pura. Finally, we must determine whether Pura is entitled to a discharge.
Rule 3.220(a), Florida Rules of Criminal Procedure, provides: “[a]fter the filing of the charging document, a defendant may elect to participate in the discovery process ... by filing with the court and serving on the prosecuting attorney a ‘Notice of Discovery’ which shall bind both the prosecution and the defendant to all discovery procedures.... ” Because Rule 3.220(a) expressly provides for filing a notice of discovery after a charging document is filed, Pura’s notice was clearly premature. However, the fact that Pura’s demand for discovery was premature does not necessitate a finding that it is a nullity.[1]
In Barnett Bank of East Polk County v. Fleming, 508 So.2d 718 (Fla.1987), the court considered whether a prematurely filed motion to dismiss for lack of prosecution must be refiled after the necessary year of record inactivity had expired. Holding that the motion need not be refiled, the court stated: “[T]he law is replete with instances where effect is given to a premature document or pleading upon happening of a subsequent event which gives meaning to the document or pleading.” Id. at 720 (citations omitted); see also Torrey v. Leesburg Reg’l Med. Ctr., 769 So.2d 1040 (Fla.2000) (complaint filed by attorney not licensed to practice in Florida was not a nullity and party should be afforded time to obtain licensed attorney to file complaint); Williams v. State, 324 So.2d 74 (Fla.1975) (dismissal of an appeal filed before a final order was rendered was improper but the notice of appeal should be held in limbo until the final order was entered); Thomas v. Suwannee County, 734 So.2d 492 (Fla. 1st DCA 1999) (the general rule is that an action filed prematurely should be abated until it matures rather than being dismissed, so the *439 premature filing of a complaint challenging zoning action, filed before 30 days notice to county had expired, was improperly dismissed); Angrand v. Fox, 552 So.2d 1113 (Fla. 3d DCA 1989) (premature filing of medical malpractice claim before end of 90 days notice was not fatal as claim could be abated); In re Estate of Zimbrick, 453 So.2d 1155 (Fla. 4th DCA 1984) (motion for rehearing filed before rendition of final judgment is not a nullity and still tolls time to appeal).[2] Following the general rule, we conclude that the premature filing of the demand for discovery in this case should not be deemed a nullity. The premature demand should have been held in abeyance until the information was filed, thereby obligating the State to provide discovery within 15 days after it filed the information.
Next, we must consider whether Pura is entitled to a discharge. In Staveley v. State, 744 So.2d 1051 (Fla. 5th DCA 1999), rev. denied, 760 So.2d 948 (Fla.2000), we held that the State must furnish discovery within sufficient time to allow a defendant to prepare for trial without forfeiting the right to a speedy trial, and if the State fails to do so, the court may charge a continuance against the State, even if it results in dismissal of the charges for speedy trial violation. See also Vega v. State, 778 So.2d 505 (Fla. 3rd DCA 2001) (defendant should not have to choose between the right to speedy trial and the right to discovery within sufficient time to adequately prepare for trial).
In State v. Anderson, 781 So.2d 524 (Fla. 5th DCA 2001), the defendant’s counsel attempted to file pleadings in response to traffic citations. The pleadings included a notice of election to participate in discovery before an information was filed, but because the arresting officer had failed to properly file the citations, the pleadings were returned to counsel. When the speedy trial time had run, defense counsel filed a notice of expiration of speedy trial and the case was scheduled for trial three days later. Because the defendant had not yet been arraigned, nor provided with discovery in response to the request, the defendant objected to such a short notice of trial. We agreed with the trial court’s dismissal and commented that to force a defendant to trial under those circumstances would be a fundamental denial of due process. We also noted in Anderson that although the State had failed to execute the law as required, it nonetheless expected the defendant to choose between a speedy trial and trial preparation.
The facts in this case are distinguishable from Anderson, however, in that Pura was able to complete much of his discovery before the scheduled trial date. Additionally, Pura may have failed to act promptly to obtain discovery. See generally Richardson v. State, 246 So.2d 771 (Fla.1971) (discovery rule for exchange of witness list was never intended to furnish a defendant with a procedural device to escape justice); State v. Zamora, 538 So.2d 95 (Fla. 3d DCA 1989) (discovery rules were designed to furnish defendants with information to assist in defense and were not intended to provide a procedural device to escape justice); see also State v. Fraser, 426 So.2d 46 *440 (Fla. 5th DCA 1982) (defense counsel’s “gotcha” tactic criticized). It does not appear from the record that Pura provided the State with any reciprocal discovery or took any affirmative action to obtain discovery from the State other than filing his initial notice. We also observe that although Pura’s counsel argued that he should not be required to ignore his other cases in order to complete discovery in the instant case, he did not allege that he had other matters scheduled which could not be continued with a minimum of inconvenience.
As we explained in Staveley, “[w]hen the trial court learns of a possible discovery violation, it must determine: 1) whether the violation was inadvertent or willful, 2) whether the violation was trivial or substantial, and 3) what effect the violation had on the defendant’s ability to properly prepare for trial.” 744 So.2d at 1053; see also Sims v. State, 681 So.2d 1112, 1114 (Fla.1996). In this case, the trial court found that Pura’s premature notice of discovery was a nullity and that there was no discovery violation. Therefore, the court did not proceed to determine whether there was an inadvertent or willful violation, whether it was substantial or trivial, and whether Pura was irreparably prejudiced in the preparation of his defense.
Holding that lesser sanctions must be considered, we noted in State v. Theriault, 590 So.2d 993 (Fla. 5th DCA 1991), that where the State’s failure to provide discovery has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant. In the instant case, the trial court initially considered whether the State should be precluded from prosecuting the charges involving the minor who was out of the country, but abandoned that idea when it ruled that the premature demand for discovery was a nullity.[3]
We partially grant the petition and issue the writ of prohibition but rather than prohibiting further proceedings, we remand to the trial court to consider whether the State’s failure to provide discovery was willful or inadvertent, whether the violation was trivial or substantial, and the effect the violation had on petitioner’s ability to prepare for trial.
PETITION GRANTED; CAUSE REMANDED.
HARRIS, PETERSON and GRIFFIN, JJ., concur.

. The prosecutor admitted that Pura’s discovery demand was in her file, but could not say when it was placed there. The prosecutor could not say whether she remembered that the notice was in the file when the information was filed. She also declared that the notice was not intentionally ignored although it was thought to be a nullity because of the premature filing.

. But see State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971) (written demand for speedy trial filed before indictment was a nullity); State v. Gibson, 783 So.2d 1155 (Fla. 5th DCA 2001) (motion for discharge was untimely, as continuance had already been granted, so motion was nullity and could not trigger procedural mechanism requiring hearing and trial within 15 days); Kessler v. City of Naples, 779 So.2d 378 (Fla. 2d DCA 2000) (trial court order, entered while appeal was pending, was nullity); Baxter v. Downey, 581 So.2d 596 (Fla. 2d DCA 1991) (premature filing of motion for speedy trial discharge before speedy trial time had lapsed was nullity).

. In fact, the State offered to file a nolle prosequi on that charge.