EDWARDS, J.
The State appeals the speedy trial discharge granted to Gregory Renard Zack-ery. We find Zackery is not entitled to a speedy trial discharge based upon the State’s delayed drug analysis, delayed identification of the lab analyst, and delayed provision of the lab test report because there was no intentional discovery violation by the State and no attempt by the defendant to depose the analyst during the seventeen days between disclosure and trial. Accordingly, we reverse, quash the order discharging Zackery, and remand for further proceedings.
Zackery was arrested and charged with possession of cocaine, possession of cannabis, and possession of drug paraphernalia. The affidavit in support of the arrest warrant indicated that Zackery was in possession of a white powdery substance that field-tested positive for cocaine. The State intended to have the white powder analyzed and believed or assumed that it had been promptly sent to the Florida Department of Law Enforcement (“FDLE”) lab for chemical analysis to determine if it was cocaine. Because it had not yet received the lab analysis, the State secured, over Zackery’s objection, a continuance before speedy trial ran, anticipating that the report would be forthcoming.
However, for reasons unknown to the State, the white powder was not sent to FDLE’s lab until after Zackery’s speedy trial period ran. The State provided Zack-ery with the identification of the FDLE analyst who performed the test and a copy of the positive-for-cocaine test, report during the recapture period. When Zackery’s counsel'asked the deposition clerk at the public defender’s office to schedule the lab analyst’s deposition, the deposition clerk responded that there was not enough time. Zackery never made any other effort to schedule the FDLE analyst for deposition.
Zackery claimed that the delayed testing, delayed disclosure of the technician’s identity, and delayed disclosure of test results, collectively, constituted a substantial discovery violation by the State that impeded his ability to prepare for trial within the speedy trial period. He' stated that the sole issue for trial was whether the white powder was cocaine or another substance. Zackery specifically relied upon the claim that he could not timely depose the FDLE lab analyst as evidence that he was unduly prejudiced in his trial preparation.
The State argued that there was no discovery violation, as all discovery in the State’s possession was provided aá it became available. Zackery knew that the substance field-tested positive for cocaine, and knew that the State requested that FDLE perform lab testing of the powder. The State opposed the continuance and discharge, arguing that Zackery had the opportunity to retain his own expert to test the substance to determiné if it was cocaine, but he did not do so. The State additionally argued that Zackery was more interested in a speedy trial discharge than in having a speedy trial, based upon the *1206 fact that neither Zackery’s counsel nor anybody from the public defender’s office ever called or contacted the State about scheduling the FDLE lab analyst’s deposition. Lastly, the State noted that under Florida Rule of Criminal Procedure 3.191(j), one of the grounds for denying a motion to discharge is that the accused is unavailable for trial, with subsection (k) defining unavailability to include the defendant being unprepared for trial.
The trial court found that those delay-related events constituted a substantial discovery violation that prejudiced Zack-ery in its preparation for trial. The trial judge categorized the State’s discovery violation as inadvertent, in part, and willful, in part, by failing to submit the sample to FDLE for testing until after the expiration of speedy trial. The trial court ordered a continuance beyond the recapture period, charged to the State. Later, it entered a second order granting Zackery’s motion for discharge, because he had not been given a speedy trial. The State timely appealed those two orders.
Under Richardson v. State, 246 So.2d 771 (Fla.1971), when the State is alleged to have violated a discovery rule, the trial court must determine: (1) whether a discovery violation has occurred, and if so; (2) whether the violation was inadvertent or willful; (3) whether the violation was trivial or substantial; and (4) what effect it had on the defendant’s ability to prepare for trial. Sinclair v. State, 657 So.2d 1138, 1140 (Fla.1995). The trial court may only impose a remedy if the court determines that a discovery violation hindered or prevented the aggrieved party from properly preparing its case for trial. Tomengo v. State, 864 So.2d 525, 529 (Fla. 5th DCA 2004).
“The purpose of the speedy trial rule is to assure a speedy trial, not a speedy discharge.” State v. Thomas, 659 So.2d 1322, 1324 (Fla. 3d DCA 1995) (Cope, J., concurring). A defendant who chooses not to schedule depositions of late-listed witnesses, who then claims he is unprepared for trial because he has not deposed those witnesses is considered unavailable for trial and is not entitled to a speedy trial discharge. State v. Fraser, 426 So.2d 46, 49 (Fla. 5th DCA 1982).
In Fraser, the defendant ignored the opportunity to depose witnesses listed by the state three days prior to trial. Id. at 47. While the trial court in Fraser granted a continuance and discharge, this court reversed because defendant made no effort to depose those witnesses. Id. at 49. WTen a court recognizes that the defendant is engaged in strategic moves to obtain a speedy trial discharge instead of seeking a speedy trial, the court should deny the discharge. “In other words, ‘gotcha!’ maneuvers will not be permitted to succeed in criminal, any more than in civil, litigation.” State v. Belien, 379 So.2d 446, 447 (Fla. 3d DCA 1980). It is not clear whether Zackery’s counsel was actually engaged in such “gotcha” tactics or whether Zackery’s counsel simply took the word of the deposition clerk that the deposition could not be scheduled. “Where the defendant makes no actual attempt to schedule a deposition, it is no different, as a practical matter, than the defendant choosing not to depose the witness.
“The [Sjtate must furnish discovery within sufficient time to allow the defendant to prepare for trial without forfeiting his right to a speedy trial.” Staveley v. State, 744 So.2d 1051, 1052-53 (Fla. 5th DCA 1999). In Staveley, the trial court determined that the defendant had the ability to properly prepare for trial by deposing the state’s newly substituted blood alcohol expert on the same day the jury was being selected; however, he *1207 chose not to take the deposition. Id. at 1052. “Because he did not take the deposition, the defendant cannot demonstrate prejudice.” Id. at 1053.
In the case at hand, Zackery knew the analyst’s identity for seventeen days and had the lab report for nine days prior to trial. Zackery did not depose or even contact the State to schedule the deposition of the FDLE analyst. Further, the trial court offered and encouraged Zack-ery’s counsel to depose the State’s witness on the day of the hearing on this matter, but Zackery declined. By not attempting to schedule the analyst’s deposition, Zack-ery could not demonstrate that he had in fact been prejudiced. Thus, the trial court erred. We quash the orders continuing the trial, charging the continuance to the State, and discharging Zackery. We direct the trial court to charge the recapture-period continuance to Zackery and promptly reschedule this case for trial.
REVERSED AND REMANDED; ORDER QUASHED.
PALMER and BERGER, JJ., concur.