438 So.2d 68 (1983)
STATE of Florida, Appellant,
v.
David Laverne ROUNDTREE, Appellee.
No. 83-123.
District Court of Appeal of Florida, Second District.
September 2, 1983.
Rehearing Denied October 3, 1983.
*69 Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellee.
LEHAN, Judge.
The state appeals an order discharging appellant David Laverne Roundtree because of a violation of his Sixth Amendment right to speedy trial. We affirm.
The appellant was alleged to have committed a burglary on December 24, 1980. A sworn affidavit to that effect was filed by a Tampa Police officer on January 12, 1981. The affidavit included the appellant's full name, address, physical description, date of birth, and birth place. Thereafter, on January 23, 1981, the state filed an information charging the appellant with one count of burglary in violation of section 810.02, Florida Statutes (1981). On that same day, a capias which contained information relating to the fact that appellant was on parole was issued for the arrest of the appellant. The appellant was not arrested, however, until October 11, 1982. The defendant was incarcerated until October 22, 1982, when he obtained a security bond for his release.
On November 17, 1982, after the appointment of a public defender to represent him, appellant filed a motion for discharge, alleging that he should be discharged because he had been prejudiced by an unreasonable delay since the filing of the information. In the motion the appellant alleged that he never received written notice to appear before the court on the pending charge although the affidavit indicated the appellant's address was known and he was on parole and supervised by the State of Florida prior to December 24, 1980 and until July 5, 1981. The appellant further alleged that the delay was in no way attributable to him in that any reasonable attempt to locate him would have been successful because he was in Hillsborough County under supervision of the Department of Corrections. He alleged that the delay was due to the negligent inaction of the state in the prosecution of the case and that he had suffered prejudice by the unreasonable delay in that had he "been notified sooner of *70 the charge, he could have garnered a better recollection as to his whereabouts on the date in question."
On December 15, 1982, a hearing was held on the motion for discharge, and the court considered deposition testimony of the officer and heard argument of counsel. The officer's deposition revealed that he spoke to the alleged burglary victim, who indicated he had spoken with the appellant at the Paradise Bar in Tampa after the alleged burglary. The victim also told the officer that the appellant had gone to the home of appellant's alleged accomplice. The officer indicated that he knew the address of the appellant, who lived with his parents, but the officer had not inquired about appellant at that address. The officer did set up a surveillance for appellant on a few occasions outside of that address, but the surveillance did not locate appellant. The officer knew appellant by his face and kept a general outlook for appellant in order to try to effect an arrest although this was also unsuccessful until the eventual arrest on October 11, 1982. The officer admitted that he made no effort to locate the appellant through the Department of Corrections although the rap sheet attached to the capias revealed that the appellant was on parole.
Defense counsel argued that no effort was made to locate the appellant at the Paradise Bar, although the alleged victim had found him there; no effort was made to locate the appellant at the alleged accomplice's home, although the alleged victim had told the detective appellant had gone there; no effort was made to directly approach the appellant's parents' home, although it was known that that was his current address; and no effort was made to locate the appellant through the Department of Corrections, although it was known he was on parole. It was argued that, accordingly, the lengthy delay between the date of the information and appellant's arrest was attributable to the state's negligence. Counsel for the state argued that the state had not been negligent, and, in any event, the appellant did not suffer any actual prejudice by the delay. The trial court orally granted the motion for discharge and then entered a written order for discharge on January 7, 1983.
We affirm on the basis of the carefully reasoned Sixth Amendment speedy trial analysis as to post-accusation, unconstitutional delays in Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982),[1] which includes consideration of federal case law, especially Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). More specifically, we have analyzed this case from the standpoint of the four factors enumerated in Barker and restated in Howell by which to determine whether a constitutional speedy trial violation has occurred:
(1) the length of the delay, e.g., whether the delay is presumptively prejudicial; (2) the reason for the delay; (3) whether the appellant has timely asserted his rights, and (4) the existence of actual prejudice as a result of the delay.
418 So.2d at 1171. We note the Howell conclusion that "no single factor is either necessary or sufficient as a precondition to finding a denial of one's rights." 418 So.2d at 1171. Rather, the trial court must balance and weigh the factors against each other in light of the purposes[2] underlying the Sixth Amendment speedy trial provision. 418 So.2d at 1174. Howell also explained that the four factors "were not intended to comprise an exhaustive list of considerations  only a guide." 418 So.2d at 1171. See also United States v. Avalos, 541 F.2d 1100, 1110 (5th Cir.), reh. en banc denied, 545 F.2d 168 (1976), cert. denied, 43 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977).
*71 The dispositive aspects of this case turn principally upon factors (1) through (3). As to factor (1), the 21 1/2-month delay between the filing of the information and the motion to discharge, as well as the 23-month delay until the hearing on that motion, in this case is presumptively prejudicial. In Howell a 14 1/2-month delay from the time of the filing of the information until the time of the hearing was considered presumptively prejudicial. See also United States v. Alvalos, supra; United States v. Greer, 655 F.2d 51 (5th Cir.1981). Although in light of other considerations the First District affirmed the trial court's denial of defendant's motion to dismiss, the First District felt that Howell "grasps at the outer reaches of what the constitution seemingly permits." 418 So.2d at 1175.
As to factor (2), Howell describes three categories of reasons for delay by the state  deliberate, negligent, and justified. 418 So.2d at 1171-1173. We are inclined to consider this case as susceptible of justifying a finding of negligent delay on the part of the state, "keeping in mind the relative simplicity of prosecuting a case of this type," Howell, 418 So.2d at 1173, i.e., here, one count of burglary. Although there is no specific finding by the trial court in this case to that effect, we feel warranted in reaching the conclusion that such a finding was implicit in the trial court's order of discharge, which, of course, is entitled to a presumption of correctness and which, we further assume, followed the dictates of Barker and Howell. Howell incidentally, also found negligent delay on the part of the state to exist.
As to factor (3), appellee asserted his right to speedy trial in a relatively timely fashion by filing his motion for discharge 37 days following his arrest. See Greer at 53; United States v. Edwards, 577 F.2d 883, 889 (5th Cir.1978). This was less of a delay than that for the defendant's assertion of rights in Howell, which was found to have been "relatively timely." 418 So.2d at 1173.
As to factor (4), appellant, in asserting a faded memory due to the passage of time, did not show more specifically how a better recollection of his whereabouts would have improved his capacity to defend himself. Howell, quoting Edwards, notes that "in order to prejudice the defendant to the extent necessary to constitute a speedy trial violation, the faded memory must substantially relate to a material fact in issue... . Vague assertions of faded memory will not suffice." 418 So.2d at 1174.
Although we might be unable to find actual prejudice, the foregoing process of weighing and balancing factors is nonetheless required. Howell notes "authority for the view that when the first three ... factors are heavily weighed in favor of the accused, the necessity for a demonstration of actual prejudice is not required." 418 So.2d at 1174. However, Howell, affirming the trial court in its denial of the motion to dismiss, found that the first three factors were not weighed heavily in favor of the defendant in that case. The trial court in the present case, granting the motion for discharge, heard the evidence and was in a better position than we are to carry out that weighing process. Under the presumption of correctness of the trial court's order of discharge, we cannot find that the foregoing first three factors, especially factor (1) involving a 23-month delay between the filing of the information and the hearing on defendant's motion, do not heavily weigh the scales in favor of appellant. Therefore, the trial court's order of discharge must be affirmed.
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] The constitutional right to a speedy trial attaches upon arrest, filing of an indictment or an information, or other official accusation. United States v. MacDonald, 456 U.S. 1, 6, 102 S.Ct. 1497, 1501, 71 L.Ed.2d 696 (1982). As to preaccusation unconstitutional delays violative of due process, see Marrero v. State, 428 So.2d 304 (Fla. 2d DCA 1983).
[2] See Howell at 1174, n. 14.