POWELL, R., Associate Judge.
The state appeals an order granting Joyner’s motion for discharge on the ground that his constitutional right to speedy trial[1] was violated. We reverse.
*585 This court recently addressed such an issue in Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984). The controlling principles are fully set forth in that opinion and need not be repeated here.
While the delay of twenty months between the filing of the information and issuance of capias and the return of Joyner from the Department of Corrections was sufficient to trigger a presumption of prejudice, requiring consideration of other factors, it was insufficient in itself to find a violation of Joyner’s constitutional speedy trial right. The delay by the state in ascertaining Joyner’s whereabouts and returning him for trial was negligent delay, which weighs less heavily against the state than deliberate delay. Of utmost importance, however, is that Joyner has failed to show actual prejudice resulting from the delay. There was no oppressive pretrial incarceration because Joyner was serving a lengthy state prison sentence, norr was there undue anxiety and concern since he was unaware of the pending charge. His assertion that his defense was impaired by the intervening death of a potential alibi witness was just that — a mere assertion, lacking in substance or particulars.[2]
After considering all of the Barker[3] factors, as expressed in Vela, we conclude that Joyner’s constitutional right to speedy trial was not violated. Consequently, the trial court’s order discharging him was in error and is hereby reversed.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.

. This case does not involve a claim that Joyner’s right to speedy trial under Florida Rule of Criminal Procedure 3.191 was violated.

. The only showing made of an impaired defense was counsel’s argument at the hearing that one Willie Bozeman, a former employer, had died on October 19, 1983 (his death certificate was produced) and that although counsel had never spoken with Bozeman, "it’s our contention that there could very well have been an alibi.” Speculative allegations of an impaired defense are unpersuasive. United States v. Jenkins, 701 F.2d 850 (10th Cir.1983).

. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).