RYDER, Chief Judge.
The state appeals an order which granted appellant’s motion for discharge on constitutional speedy trial grounds. We reverse.
On February 18 and 23, 1982, Union allegedly sold cocaine and heroin to undercover police officers and a confidential informant. In April, Union was incarcerated for unrelated offenses.
The state filed an information charging Union with possession and sale of cocaine and heroin on August 31, 1982. A capias was issued on the same date. Neither the state attorney’s office nor the undercover detectives knew that Union had been incarcerated since April.
Union was released from incarceration on March 1, 1983, and was arrested on the outstanding capias on May 2, 1983.
During the hearing on the unsworn motion to discharge, Union’s attorney argued that the delay between the filing of the information and his arrest had violated his constitutional right to a speedy trial because he could not recall the events of February 18 and 23, he could not account for his whereabouts on those dates, and that the police could not locate the confidential informant.
After consideration of these allegations, the court granted the motion to discharge.
There are four factors to consider as a guide when determining whether a constitutional speedy trial violation has occurred: (1) whether the length of the delay is presumptively prejudicial; (2) the reason for the delay; (3) whether the appellant has timely asserted his rights; and (4) whether actual prejudice has resulted from the delay. Hallman v. State, 462 So.2d 120 (Fla. 2d DCA 1985); State v. Roundtree, 438 So.2d 68, 70 (Fla. 2d DCA 1983), petition for review denied, 447 So.2d 888 (Fla.1984); Howell v. State, 418 So.2d 1164, 1171 (Fla. 1st DCA 1982). In this case, the fifteen-month prearrest delay and the seventeen-month delay from the filing of the information until the hearing was presumptively prejudicial. However, Union has failed to show that he has suffered actual prejudice because of the delay. See Barber v. State, 438 So.2d 976, 978 (Fla. 3d DCA 1983), petition for review denied, 447 So.2d 885 (Fla.1984); State v. Ochran, 429 So.2d 77 *842 (Fla. 4th DCA 1983). The unsworn motion to dismiss did not allege why actual prejudice resulted, and the trial judge did not make a specific finding of actual prejudice.
Speculative allegations as to failed memories do not prove actual prejudice. Howell, 418 So.2d at 1170; State v. Newman, 367 So.2d 251, 252 (Fla. 4th DCA 1979). Furthermore, the accused must offer some explanation of how a missing witness’ testimony would be both favorable and material. Marrero v. State, 428 So.2d 304, 307 (Fla.2d DCA 1983). In this case, the appellant did neither; therefore, he failed to show actual prejudice from the delay.
Reversed and remanded for further proceedings consistent with this opinion.
DANAHY and LEHAN, JJ., concur.