FRANK, Judge.
The appellant, Robert E. Bennett, appeals from the trial court’s order denying his motion for discharge asserting that the lapse of nearly fifty-two months from the date of the information charging him with felonious conduct to the date of such order constitutionally entitled him to termination of the proceeding. We do not agree.
The information charging the appellant with resisting arrest with violence and the battery of a law enforcement officer was filed on July 27, 1979. The appellant entered a not guilty plea on August 23, 1979, and trial was set for October 3, 1979. On that date, the appellant’s counsel withdrew his appearance, the trial was continued, and speedy trial was waived for the period of the continuance. On October 24, 1979, an attorney entered an appearance on behalf of the appellant. Thereafter, the case remained dormant until July 25, 1983. Apparently due to a docket clearing procedure, and an error committed in the state attorney’s office, the case was closed on July 26, 1983, in an order entered by the trial court. The erroneous closing order was entered notwithstanding that a pretrial hearing had at an earlier time been scheduled for August 29, 1983. The notice setting the August 29 hearing was served upon the appellant’s attorney who, on that date, filed a motion to withdraw. On September 1, 1983, the trial court appointed a public defender, and on September 14, 1983, the appellant entered pleas of not guilty to the two offenses. A new trial date of October 31, 1983, was scheduled, but on that date the appellant requested and was granted still another continuance. The trial date was again reset for November 21,1983, and speedy trial was tolled for the period of the continuance. On November 21, 1983, the appellant again sought and was accorded a continuance. The motion to discharge grounded upon an asserted unconstitutional deprivation of a speedy trial was filed on November 28, 1983, and was denied on January 6, 1984. Thereafter, the appellant changed his pleas, pleaded nolo to each of the charges and reserved the right to appeal the denial of his motion for discharge.
Based upon the foregoing, and consistent with such authority as Hallman v. State, 462 So.2d 120 (Fla. 2d DCA 1985), we find the appellant’s contention that he was unconstitutionally denied a speedy trial wholly frivolous. We recognized in State v. Roundtree, 438 So.2d 68, 70 (Fla. 2d DCA *826 1983), the factors to be considered in determining whether a pretrial delay is violative of the right conferred by the Sixth Amendment to a speedy trial. They include the length of the delay, the reason for the delay, the timely assertion of the right, and the existence of actual prejudice as a result of the delay. Notwithstanding that there was more than a four year delay between the filing of the information and the motion to discharge, that the appellant may have been lost in the state’s computer system, and the appellant’s assertion that he was prejudiced by the delay because certain aspects of the criminal events have become obscured, the unassailable fact is that in the course of this prolonged matter the appellant failed timely to assert his right to speedy trial. Cf. State v. Roundtree.
Affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.