PER CURIAM.
Harry Francis Kennedy petitions for a writ of prohibition because of a violation of his constitutional right to a speedy trial provided by the United States Constitution’s sixth amendment speedy trial clause and the fourteenth amendment due process clause, and the Florida Constitution, article 1, section 16(a). We deny the petition.
In 1981, informations were filed charging the petitioner with numerous felony offenses in Hillsborough County. Warrants were issued for the petitioner’s arrest. On January 1, 1986, the petitioner was arrested and detained on the warrant in Lee County. Hillsborough County was notified. On May 8, 1986, an acting circuit judge released the Hillsborough County hold because Hillsborough County had failed to provide sufficient identification of the petitioner.
The petitioner was sentenced in Lee County to state prison. On or about July 25, 1986, Hillsborough County was notified that the petitioner was released from Lee County to the state prison to serve a five year sentence. The petitioner was released from state custody and supervision in November 1987. On October 27, 1989, he was arrested in Massachusetts on the outstanding warrants from Hillsborough County. He waived extradition, was returned to Hillsborough County, and filed a motion for discharge.
A hearing was held on the motion to discharge. At the hearing, the trial judge considered and applied the four factors to be considered in determining whether there has been a violation of an accused’s speedy trial right. Those factors are (1) the length of the delay, and whether the delay is presumptively prejudicial; (2) the reason for the delay; (3) whether the appellant has timely asserted his right; and (4) the existence of actual prejudice as a result of the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982). The court is required to balance and weigh the factors against each other. State v. Roundtree, 438 So.2d 68, 70 (Fla. 2d DCA 1983), review denied, 447 So.2d 888 (Fla.1984); Howell, at 1174.
In this case, it is clear that even though notified by Lee County as to the petitioner’s whereabouts, Hillsborough County did nothing to bring the petitioner to trial from the time he was arrested in Lee County, through his prison sentence, until his arrest in Massachusetts. The trial judge correctly found that the length of the delay in bringing petitioner to trial was presumptively prejudicial, and that the reason for the delay was negligence by the state. The trial judge was also correct in determining that the petitioner had timely asserted his right and that there was no showing of actual prejudice. The trial judge denied the motion without prejudice to the petitioner again raising the motion should actual prejudice be established during the discovery process or at trial.
We find that the trial judge correctly assessed each factor. No single factor determines whether the petitioner’s speedy trial right was violated. While the first three factors are certainly weighed in favor of the petitioner, we cannot say that the trial judge erred in requiring a showing of actual prejudice. Roundtree, at 71; Howell, at 1174.
*16 Accordingly, we deny the petition without prejudice to the petitioner raising the issue upon a showing of actual prejudice.
SCHOONOVER, A.C.J., and HALL and THREADGILL, JJ., concur.