645 So.2d 68 (1994)
Jamal SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3290.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
Rehearing Denied December 9, 1994.
*69 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Appellant's conviction is affirmed but we reverse Appellant's adult sentence and remand for the trial court to make specific written findings, in accordance with section 39.059(7)(d), with respect to the Appellant juvenile's "sophistication and maturity." § 39.059(7)(c)4, Fla. Stat. (1993). On resentencing, the court may again determine whether to impose adult sanctions. Troutman v. State, 630 So.2d 528 (Fla. 1993). We note that recent amendments to subsection 39.059(7) became effective October 1, 1994. Pursuant to the amendments, trial courts are no longer required to make specific findings or enumerate the statutory criteria in writing as a prerequisite to imposing valid adult sanctions. Ch. 94-209, § 51, at 834-35, Laws of Fla. However, the amended statute is *70 inapplicable to sentences in the appeal "pipeline" rendered prior to its effective date.
On the primary issue raised, we find no abuse of discretion in the trial court's denying Appellant's motion to dismiss on constitutional speedy trial grounds.
An information charging armed robbery incident to a car theft was filed and a capias issued in Broward County in August, 1991, but Appellant was not arrested until June, 1993. The warrant was forwarded by the Broward County Sheriff's Office via the NCIC/FCIC teletype computer. Appellant was located, by a then-existing "multi-jurisdiction task force," in Palm Beach County Sheriff's custody. The Broward authorities timely sent a "detainer" by teletype and mail to Palm Beach, where charges against Appellant were pending relating to the same vehicle. However, Appellant was released by Palm Beach prior to receipt of the mailed notice and the Broward County Sheriff's Office was advised accordingly. There is no explanation why the Palm Beach County Sheriff's Office did not honor the teletype detainer which it received before Appellant's release. The record does not reflect whether the B.S.O. then requested assistance from the P.B.S.O. in locating Appellant, who claims that he moved in with his mother in Palm Beach County, albeit at a different address from that on the capias. The multi-jurisdiction task force apparently ceased functioning during an interim one-year period and was reformed in the spring of 1993, at which time the capias was given to a U.S. Marshal for service and Appellant was arrested by the task force. Appellant knew that a warrant had been issued in Broward but claims that he did not know that it remained in effect after his Palm Beach release.
Appellant testified at the hearing that he was prejudiced by the delay because at the time of the robbery, he was "hanging out" with a number of friends in front of a store and several of those potential alibi witnesses were subsequently shot and killed. Others, however, are still available to testify.
Four factors are considered in determining whether an accused's constitutional speedy trial rights are violated: (1) the length of the delay; (2) the reason for the delay; (3) timely assertion of the right; and (4) actual prejudice resulting from the delay. Kennedy v. Bonnano, 571 So.2d 14, 15 (Fla. 2d DCA 1990), which in turn cites the leading case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Here, the trial court made findings that the cause of the delay was the unexplained failure of Palm Beach to detain Appellant on the capias. (We note that the record does indicate that he used more than one name.) The court further found that there was no deliberate attempt by the state to delay the proceedings; rather, the delay was inadvertent.
As to the claim of prejudice, the court found that "the presentation of the defense will not be impaired" by the lost witnesses, as "[m]ultiple other persons exist to establish the Defendant's alibi." The court also noted that it "finds it difficult to believe that coincidentally four (4) of the Defendant's alibi witnesses have been killed since the inception of this case."
The record reflects that the trial court, albeit imperfectly, did balance and weigh all four factors in arriving at its findings and decision. See State v. Roundtree, 438 So.2d 68 (Fla. 2d DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984); Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982). We recognize that the trial court did make a finding that is patently not a valid factor: that Appellant did not assert his speedy trial right during the 18-month hiatus.[1]Howell, 418 So.2d at 1173. However, it is clear that this was not the grounds for the court's conclusion.
Actual prejudice is the final and most important factor and the absence of prejudice was obviously the basis for the court's findings. See King v. State, 468 So.2d 510 (Fla. 1st DCA 1985); State v. Union, 469 So.2d 840 *71 (Fla. 2d DCA 1985). See also United States v. Brand, 556 F.2d 1312 (5th Cir.1977), cert. denied, 434 U.S. 1063, 98 S.Ct. 1237, 55 L.Ed.2d 763 (1978); Turner v. Estelle, 515 F.2d 853 (5th Cir.1975), cert. denied, 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976); United States v. Smith, 487 F.2d 175 (5th Cir.1973), cert. denied, 419 U.S. 846, 95 S.Ct. 82, 42 L.Ed.2d 75 (1974). Evidence that the state may have been negligent in not taking further action upon learning of Appellant's release, is not fatal. See Kennedy, 571 So.2d 14.
Therefore, we affirm except as to the sentencing issue and remand for resentencing.
GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] We do note that Appellant's motion was not made until over two months after his arrest on the Broward warrant.