856 So.2d 1123 (2003)
Kathleen CROCKER, Appellant,
v.
Sean MARKS and Jamie Marks, his wife, Appellees.
No. 4D02-2629.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
Carl A. Cascio and Gary S. Gaffney of Carl A. Cascio, P.A., Boynton Beach, for appellant.
Peter M. Armold of Gary, Dytrych & Ryan, P.A., North Palm Beach, and Ronald L. Bornstein of Kramer, Ali, Fleck, Carothers, Hughes, Gelb & Bornstein, Jupiter, for appellees.
PER CURIAM.
Appellant, Kathleen Crocker, filed her complaint for declaratory and injunctive relief against appellees, Sean and Jamie Marks, alleging that appellees violated certain covenants and restrictions that applied to their property, a building in which both parties own residential units adjacent to each other. Upon appellees' motion to dismiss for failure to state a cause of action, the trial court dismissed the complaint with prejudice.
In Bell v. Indian River Memorial Hospital, 778 So.2d 1030 (Fla. 4th DCA 2001), this court stated the standard of review upon a motion to dismiss:
A motion to dismiss tests whether the plaintiff has stated a cause of action. Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is reviewable on appeal by the de novo standard of review. When determining the merits of a motion to dismiss, the trial court's consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true and considered in the light most favorable to the nonmoving party.
Id. at 1032 (citations omitted).
We have reviewed the complaint and find that it does state a cause of action. *1124 We, therefore, reverse and remand for further proceedings.
REVERSED AND REMANDED.
STONE, SHAHOOD and HAZOURI, JJ., concur.