GOLD, MARC H., Associate Judge.

Background,

On August 9, 1994, appellant Rebecca Galante suffered severe injuries in an automobile accident caused by an underin-sured motorist. Appellee USAA provided motor vehicle insurance to the Galantes which included $100,000.00 in uninsured/underinsured benefits.
The appellants brought suit against the underinsured motorist and on February 4, 2002, the jury found for the appellants, awarding $1,098,950.00 to Mrs. Galante and $75,000.00 to Mr. Galante. Following this, the appellants brought a bad faith action against USAA under section 624.155, Florida Statutes (2002). Attached to the Galantes’ complaint was the required civil remedy notice, dated March 23, 2002. The trial court dismissed the action, with prejudice, relying on the undisputed compliance with the safe harbor provision of section 624.155(3)(d), Florida Statutes (2003), by USAA.

Analysis

A motion to dismiss presents a question of law, which is reviewed de novo. See Crocker v. Marks, 856 So.2d 1123 (Fla. 4th DCA 2003).
Relying on Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla.1991), the appellants point out that a first party bad faith claim under section 624.155 does not accrue until the conclusion of the underlying litigation.[1] Given this, the appellants go on to argue that the 60-day notice requirement should not be filed until the underlying litigation has been resolved, at which time they should be entitled to recover more than their policy limit. We disagree.
Section 624.155(l)(d) states: “No action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected.” See § 624.155(l)(d), Fla. Stat. (2002). Significantly, “[t]he sixty-day window is designed to be a cure period that will encourage payment of the underlying *1191 claim, and avoid unnecessary bad faith litigation." Talat Enters., Inc. v. Aetna Cas. & Sur. Co., 753 So.2d 1278, 1282 (Fla.2000)(emphasis added). The cure in a first-party insurance claim is payment of the contractual amount due the insured. See id. at 1283.
Here, the insurer took advantage of the statutory cure provided by section 624.155(l)(d), Florida Statutes (2002). It paid the contractual amount due the insured within sixty days of receipt of the notice. The trial court therefore properly granted the motion to dismiss. To hold otherwise would render the purpose of the 60-day cure period of section 624.155 meaningless.
In accord with Talat, we affirm.
AFFIRMED.
POLEN and MAY, JJ., concur.

. We note "there is no statutory requirement which prevents the insured from sending the statutory notice before there is a determination of liability or damages.” Vest v. Travelers Ins. Co., 753 So.2d 1270, 1275 (Fla.2000).