899 So.2d 1238 (2005)
STATE of Florida, Appellant,
v.
Marcia JENKINS, Appellee.
No. 4D03-4625.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
*1239 Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellee.
MAY, J.
The State appeals an order dismissing an Information on speedy trial grounds. The State argues the trial court erred in dismissing the Information because it failed to find the delay resulted in prejudice to the defendant. We agree and reverse.
On or about August 16, 2000, the State filed the Information, which charged the defendant with exploitation of an elderly or disabled adult, grand theft, and fraudulent use of a credit card, stemming from activity between May 26 and June 13, 2000, and *1240 a capias issued. Over one and one-half years later, on or about April 19, 2002, the defendant was arrested in New Jersey and extradited to Broward County, Florida. The defendant filed a motion to dismiss and alleged a violation of her constitutional right to a speedy trial.[1]
At the hearing on the motion to dismiss, the State's investigating officer testified that he searched for the defendant for approximately one month following the filing of the Information. He initially obtained the defendant's personnel file from her last place of employment, and then placed an ad in the Miami Herald and Sun-Sentinel newspapers with the defendant's photo, requesting information concerning her whereabouts. Two health care agencies responded. With the assistance of one of the agencies, the detective set up a sting operation where the defendant was to respond to a fictitious address after the agency called to offer her work. The defendant did not show up. The detective testified he neither attempted to locate the address nor call the emergency contact number contained on the defendant's employment application.
The detective also testified he was able to contact the defendant by use of a beeper number provided in the employment application. He claimed the defendant called back, but hung up after he asked her to surrender. He did not obtain phone records to determine the number used to call him back, and did not attempt to obtain the billing address connected to the beeper number.
The detective located the defendant's Florida Identification card, which listed a Fort Lauderdale post office box. But, he failed to inquire further concerning a billing address.
The court found the State negligently caused the delay in serving the defendant and granted the motion to dismiss on speedy trial grounds. It is from this order the State appeals.
This court reviews an order on a motion to dismiss de novo when it concerns a question of law. See Crocker v. Marks, 856 So.2d 1123 (Fla. 4th DCA 2003). We must decide in this case whether the defendant's right to a speedy trial was violated and whether that violation resulted in prejudice to the defendant.
"The purpose of the speedy trial rule is `to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial.'" State v. Burnett, 870 So.2d 858, 861 (Fla. 3d DCA 2004) (quoting Lewis v. State, 357 So.2d 725, 727 (Fla. 1978)). The United States Supreme Court has delineated four factors to consider in making this determination: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's timely assertion of her right, and (4) the existence of actual prejudice to the defendant as a result of the delay. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). No one factor is outcome determinative; each case must be reviewed on its own set of facts. See Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982).
The first factor, the length of delay, "is merely a threshold triggering mechanism. A court need not inquire into the *1241 other factors unless there has been a delay of such length as to be `presumptively prejudicial.'" State v. Bonamy, 409 So.2d 518, 519 (Fla. 5th DCA 1982) (quoting United States v. Edwards, 577 F.2d 883 (5th Cir.1978)).
In this case, the offenses were alleged to have occurred between May 26 and June 13, 2000. The Information was filed on August 16, 2000; the capias issued the next day. The defendant was arrested in New Jersey and served with the capias twenty-two months later on June 22, 2002. Other courts have found similar delays to be presumptively prejudicial. See Howell, supra, (fourteen and one-half months); see also State v. Roundtree, 438 So.2d 68 (Fla. 2d DCA 1983) (twenty-one months); State v. Joyner, 460 So.2d 584 (Fla. 5th DCA 1984) (twenty months); State v. Union, 469 So.2d 840 (Fla. 2d DCA 1985) (fifteen months). We find the delay in this case is also presumptively prejudicial.
The second factor is the reason for the delay. Courts have traditionally classified delays into three categories: intentional, negligent, or justified. The State has the burden to prove the delay was either negligent or justified. See Howell, 418 So.2d at 1173 (citing United States v. Dyson, 469 F.2d 735, 742 n. 8 (5th Cir.1972)).
The detective testified that he searched for the defendant for approximately one month following the filing of the Information. He called the defendant's beeper number and received a returned call. However, he could not verify the defendant was the one who called him back. He did not check phone records to determine who returned the call. He did not obtain the billing address connected to the beeper number.
He obtained the defendant's address and an emergency contact number from her personnel file, but failed to check the address or the emergency contact number. The detective explained that he believed the address in the personnel file did not exist, and so he never went to the address. The detective indicated the emergency contact number was disconnected, but he never checked the billing address. He was able to locate the defendant's Florida Identification card, but failed to inquire about the billing address for the post office box it listed.
Similar investigations have been held to be negligent. See Hallman v. State, 462 So.2d 120 (Fla. 2d DCA 1985) (one or more trips to the defendant's residence and leaving a card for the defendant to contact the officer "cannot be considered to be a valid attempt to serve the capias, especially because [the defendant] lived at the same address during the entire three-year period"). Negligence, however, does not automatically necessitate dismissal. See Shaw v. State, 645 So.2d 68, 71 (Fla. 4th DCA 1994) ("Evidence that the state may have been negligent ... is not fatal.").
The third factor requires the court to determine whether the defendant properly asserted her speedy trial rights. In this case, the defendant timely filed a motion to dismiss.
The fourth factor requires a finding of prejudice. Prejudice should be determined in light of the purpose of the speedy trial rule. It was designed to prevent oppressive pretrial incarceration, minimize the accused's anxiety and concern, and limit the possibility of impairing the defense. Barker, 407 U.S. at 532, 92 S.Ct. 2182.
To demonstrate prejudice, "an accused must offer some explanation of how a missing witness' testimony would be both favorable and material" before it is viewed as prejudicial. See Union, 469 So.2d at 842 (a missing police informant, *1242 without an explanation of how the informant would be favorable and material to defendant's case, is not enough to constitute actual prejudice); but see, Hallman, 462 So.2d at 122 ("defense was actually prejudiced because a material witness who had investigated the alleged grand theft had died"). Moreover, vague assertions of faded memory, without connecting it to a material fact, are insufficient to constitute actual prejudice. See U.S. v. Avalos, 541 F.2d 1100 (5th Cir.1976).
The defendant argues she suffered actual prejudice because the victim has since died, a videotape of the ATM transaction has been destroyed, and she cannot recollect the events. The State responds the defendant failed to show how the victim's testimony or videotape would assist in her defense, and her general allegation of memory loss is insufficient to prove actual prejudice. We agree with the State.
Lacking any legitimate prejudice, we hold the trial court erred in dismissing the Information. The order is reversed and the case remanded for reinstatement of the charges.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] Florida's speedy trial rule provides, "every person charged with a crime shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p)" of the rule. Fla. R.Crim. P. 3.191(a).