LaROSE, Judge.
The State appeals an order dismissing charges of cocaine possession and sale against Vincent Stuart. See § 893.13(1)(a)(1), (6)(a), Fla. Stat. (2008). We review the order de novo, see Randles v. Moore, 780 So.2d 158, 159 (Fla. 2d DCA 2001), and reverse.

Background

Sometime in 2008, a confidential informant introduced undercover Detectives McKee and Regula to a man called “Scoo-ney.” Scooney sold crack cocaine to Detective McKee. Believing that Scooney’s real name was Eric Long, Detective McKee secured the crack cocaine in a container, marked the container with the name Eric Long, and sent the package to a laboratory for testing.
Later that day, Detective McKee viewed a photo of Eric Long and concluded that Long was not the person who sold him the cocaine. That evening, Scooney called Detective McKee to make a second sale. Detectives McKee, Regula, and Halstead met Scooney in a park, where Scooney sold Detective McKee $80 worth of crack cocaine. Still unsure of Scooney’s real name, the detectives placed this cocaine in a container under the name Eric Long and sent it off for testing.
A few hours later, Detectives McKee and Regula determined from an entry log from a business that required entrants to provide identification that Scooney’s real name was Vincent Charles Stuart. When they saw Mr. Stuart’s driver’s license photo, they confirmed that Mr. Stuart was Scooney. A month later, the detectives bought more cocaine from Scooney and sent it to the laboratory in a container marked with the name Vincent Stuart.
Some fourteen months later in 2009, the State filed an information charging Mr. Stuart with possession and sale of cocaine. The State delayed in proceeding against Mr. Stuart to protect the confidential informant’s identity. Law enforcement officers finally arrested Mr. Stuart about another fourteen months later in 2011.
Mr. Stuart moved to dismiss the charges because the State unreasonably delayed in charging and arresting him. Mr. Stuart contended that the delays prejudiced his defense; he could no longer remember what he was doing at the times of the alleged transactions, and the recollections of any potential alibi witnesses would be stale. He also argued that the delays hindered his ability to obtain evidence, including potentially exculpatory cell phone records.
*423 The defense learned for the first time at a February 2012 hearing on the motion to dismiss that the detectives originally thought that the suspect was Eric Long. Mr. Stuart filed an additional motion to dismiss, seeking dismissal of the charges as a sanction for the State’s failure to disclose the information about Eric Long. The trial court granted the motions after an evidentiary hearing.

Discovery Violation

The trial court found a potential Brady violation in the State’s failure to reveal that Eric Long was the original name given for the suspect. Ultimately, the trial court concluded that the State did not willfully withhold that evidence. See Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (“[Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.”). Accordingly, the trial court refused to dismiss the charges on that basis. We see no error in this conclusion.

The State’s Delays

The delay between the dates of the offenses and the filing of charges is examined under the Due Process Clause; the delay between the filing of the charges and trial is addressed under the Sixth Amendment Speedy Trial Clause. United States v. MacDonald, 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).[1] Although we proceed under separate rubrics, the focal point is undue prejudice to the criminal defendant.
[T]he purposes of the due process and speedy trial provisions, as well as the time periods to which each is applicable, are different. Similarly, the analysis for determining violations of the respective rights is different, although there is one underlying theme common to both rights: both seek to avoid actual prejudice, and, for all practical purposes, the prejudice that can result to a defendant due to a pre-arrest delay is often indistinguishable from that arising from a post-arrest delay.
Howell v. State, 418 So.2d 1164, 1168 (Fla. 1st DCA 1982).
The right to a speedy trial attaches upon arrest. United States v. Marion, 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (explaining that until arrest the defendant’s liberty is not restrained and he has not been accused pub-lically). This right reduces the risk of lengthy pretrial incarceration, impairment of liberty during release on bail, and the life disruption that arrest and unresolved criminal charges inflict. MacDonald, 456 U.S. at 8, 102 S.Ct. 1497. It is “not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations.” [2] Marion, 404 U.S. at 321, 92 S.Ct. 455; MacDonald, 456 U.S. at 8, 102 S.Ct. 1497.
*424 The State has no duty to file charges once it has probable cause to arrest. State v. Grady, 657 So.2d 1254, 1255 (Fla. 2d DCA 1995) (citing State v. Bennett, 382 So.2d 811 (Fla. 2d DCA 1980)). But, if the defendant shows that the prear-rest delay actually prejudiced his right to a fair trial and that the government delayed intentionally to gain a tactical advantage, the Due Process Clause requires dismissal. Marion, 404 U.S. at 325, 92 S.Ct. 455; see also State v. Robbins, 359 So.2d 39, 41 (Fla. 2d DCA 1978) (stating defendant may be entitled to dismissal for denial of due process if prearrest delay actually prejudiced his defense); Bennett, 382 So.2d at 812 (same). Actual prejudice is the material impairment of the defendant’s ability to prepare a defense. Howell, 418 So.2d at 1168 n. 1 (citations omitted).
Prearrest Delay — Due Process Violation
In evaluating whether prearrest delay violates due process, the trial court must balance the reasons for the delay against the prejudice, if any, to the defendant. Howell, 418 So.2d at 1170 (citing United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468). Howell described three categories of delay: deliberate, negligent, and justified. 418 So.2d at 1171-73 (citing United States v. Avalos, 541 F.2d 1100, 1111-14 (5th Cir.1976)). “[I]ntentional delay inelude[s] forum-shopping, harassment of the defendant, or delay to gain a tactical advantage.” Id. at 1172 (citing Avalos, 541 F.2d at 1111-12). Negligent delay “includes delays attributable to such factors as an overcrowded court docket.” Id. (citing Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Justified delay occurs where the State undergoes “considerable legitimate difficulty” in bringing the case to trial timely. Id. Here, the trial court correctly concluded that the prearrest delay was justified by the need to protect the confidential informant’s identity for ongoing investigations.

Speedy Trial Violation

In examining whether the delay between Mr. Stuart’s arrest and the hearing on his motions to dismiss violated his right to a speedy trial, the trial court must balance four factors: “(1) whether the length of the delay is presumptively prejudicial; (2) the reason for the delay; (3) whether the appellant has timely asserted his rights; and (4) whether actual prejudice has resulted from the delay.” State v. Union, 469 So.2d 840, 841 (Fla. 2d DCA 1985); see Kennedy v. Bonnano, 571 So.2d 14, 15 (Fla. 2d DCA 1990). The length of the delay is a “threshold triggering mechanism,” and the court need not consider the other factors unless the delay is so long as to be presumptively prejudicial. Howell, 418 So.2d at 1171 (citing State v. Bonamy, 409 So.2d 518, 519 (Fla. 5th DCA 1982)); compare Union, 469 So.2d at 840 (holding fifteen-month prear-rest delay and seventeen-month delay from filing of information until hearing on motion to dismiss presumptively prejudicial); and Howell, 418 So.2d at 1171 (holding fourteen-and-one-half-month delay from information until hearing presumptively prejudicial) with State v. Borges, 467 So.2d 375, 378 (Fla. 2d DCA 1985) (holding eight-and-one-half-month delay not presumptively prejudicial).
The trial court considered the four factors and found that (1) the postarrest delay was “somewhat presumptively prejudicial”; (2) the State asserted no valid reason, and thus the delay was negligent; (3) Mr. Stuart, by waiting a year to file his motion to dismiss, failed to timely assert his rights; and (4) Mr. Stuart’s claim of prejudice from the passage of time regarding faded memories was vague and sug *425 gested merely possible prejudice. See Union, 469 So.2d at 841-42. Penultimately, however, the trial court concluded that the aggregated delays, combined with the State’s failure to divulge the Eric Long information, resulted in actual prejudice. The trial court reasoned that this delay violated Mr. Stuart’s due process rights because he could no longer craft a misiden-tification defense.
The trial court erred in this conclusion. Even though the officers thought for a few hours after the first sale that the seller was Eric Long, they soon learned the truth. The officers bought drugs from Scooney three times. Mr. Stuart does not claim that he and Eric Long look alike or go by the same moniker. The record amply establishes that the detective bought cocaine from Mr. Stuart. We must also note that our record suggests neither that Mr. Stuart knew Eric Long nor that he identified potential alibi witnesses.
Mr. Stuart argues that the detectives’ identification is insufficient to convict him. The trial court expressed concern that by the time of the hearing on the motions to dismiss, three-and-a-half years after the offenses, the detectives could be wrong in identifying Mr. Stuart in the courtroom as the seller. This concern about courtroom identification is illusory. At the time of the offenses three officers identified Scoo-ney as the seller. They promptly discovered Scooney’s identity and made one purchase after making the connection. Quite simply, Mr. Stuart fails to show how any delay actually and materially prejudiced his defense. See Borges, 467 So.2d at 378.
Reversed.
NORTHCUTT and KELLY, JJ., Concur.

. ‘‘[T]he speedy trial guaranty of the Sixth Amendment ... is applicable to the states through the Fourteenth Amendment.” Dickey v. Circuit Court, Gadsden Cnty., Quincy, Fla., 200 So.2d 521, 527 (Fla.1967) (citing Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967)).

. The law provides statutes of limitation “to guard against possible as distinguished from actual prejudice resulting from the passage of time between crime and arrest or charge.... These statutes provide predictability by specifying a limit beyond which there is an irre-buttable presumption that a defendant's right to a fair trial would be prejudiced.” Marion, 404 U.S. at 322, 92 S.Ct. 455.