NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID WINSTON JACOBS,                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D13-2376
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
                                         )

Opinion filed December 12, 2014.

Appeal from the Circuit Court for
Hillsborough County; Ronald Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender, and
Richard P. Albertine, Jr., Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.

        David Winston Jacobs appeals the denial of his Motion for Discharge for

Violation of Constitutional Speedy Trial Right.  Because the record contains insufficient

information for us to fully decide the issue, we reverse and remand for further proceedings.

Jacobs allegedly sold crack cocaine to an undercover police officer on November 8, 2011. On March 7, 2012, a warrant was issued for Jacobs's arrest, and an information was filed on March 20, 2012, charging him with delivery and possession of cocaine. On January 3, 2013, Jacobs was arrested for these crimes, and a trial was set for the week of April 29, 2013. On April 18, 2013, Jacobs moved for discharge due to violation of his constitutional speedy trial right, and a hearing was held on April 23, 2013. At the hearing, the State presented evidence that Jacobs had moved at least three times during the period between the filing of the information and when Jacobs was ultimately arrested. The trial court denied the motion and Jacobs pleaded guilty, reserving the right to appeal the denial of his motion.

In determining whether a defendant's constitutional right to a speedy trial has been violated, this court considers four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514 (1972). The first factor acts as a triggering mechanism; if the delay is not so long as to be presumptively prejudicial against the defendant, then this court need not even consider the remaining factors. State v. Stuart, 115 So. 3d 420, 424 (Fla. 2d DCA 2013).

For the first factor, the right to speedy trial attaches "at the time of arrest or indictment, whichever comes first." Howell v. State, 418 So. 2d 1164, 1167 (Fla. 1st DCA 1982). As such, Jacobs's right to speedy trial attached on March 20, 2012, when the State filed an information charging him with possession and delivery of cocaine.

The delay in this case between the filing of the information and the date set for trial amounts to approximately thirteen-and-a-half months, which is presumptively prejudicial. Cf. State v. Union, 469 So. 2d 840, 841 (Fla. 2d DCA 1985) (finding a fifteen-month delay presumptively prejudicial); Howell, 418 So. 2d at 1171 (finding a fourteen-and-a-half-month delay presumptively prejudicial); but see State v. Borges, 467 So. 2d 375, 378 (Fla. 2d DCA 1985) (finding an eight-and-a-half-month delay is not presumptively prejudicial); United States v. Maizumi, 526 F.2d 848, 851 (5th Cir. 1976) (finding a ten-and-a-half-month delay is not presumptively prejudicial). Because we hold that the length of this delay was presumptively prejudicial, a full Barker analysis is required. See Stuart, 115 So. 3d at 424.

However, we are unable to properly evaluate the remaining factors given the record in this case. The second factor requires an evaluation of the reason for the State's delay in prosecuting the case. There are three categories of reason for delay by the State: deliberate, negligent, and justified. State v. Roundtree, 438 So. 2d 68, 71 (Fla. 2d DCA 1983). The burden to explain the cause of the delay rests exclusively on the State. Niles v. State, 120 So. 3d 658, 664 (Fla. 1st DCA 2013). In the present case, the State introduced evidence showing that Jacobs had at least three different addresses during the period between when the information was filed and when he was arrested. However, the State never demonstrated whether this was truly problematic, and what, if any, impact this had on delaying prosecution. Furthermore, there was no evidence presented at the hearing to establish whether any attempt was ever made to arrest Jacobs or otherwise prosecute the case during this time period. Absent such information, we are unable to determine whether the State's delay in effectuating arrest

was deliberate, negligent, or justified, and thus what weight to give the second factor. See id. ("[I]f the government deliberately tries to impede the defense, this factor will weigh heavily against the government, whereas negligence on the government's part 'should be weighted less heavily . . . .' When there is a valid reason for the delay, such as when a defendant intentionally evades detection, such a delay is justified." (quoting Barker, 407 U.S. at 531)). The mere fact of Jacobs moving three times during the relevant timeframe, standing alone, was insufficient to overcome the constitutional presumption of prejudice.

Without knowing what weight to give the second factor, we cannot determine what showing is required for the keystone factor, prejudice to the defendant.[1] See Seymour v. State, 738 So. 2d 984, 986 (Fla. 2d DCA 1999) (holding that prejudice to the defendant need not be demonstrated where the first three factors weigh heavily in favor of the defendant). As such, we cannot complete the analysis required by Barker and must remand for an evidentiary hearing to fully develop the State's reason for delay.

Reversed and remanded with instructions.

ALTENBERND and KHOUZAM, JJ., Concur.

---

[1]It is undisputed that Jacobs asserted his right to a speedy trial, thus satisfying the third factor.