DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUNIOR JULIEN,**
Appellant,

v.

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D19-2763

[March 3, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE-18-017983 (13).

George A. Vaka and Nancy A. Lauten of Vaka Law Group, P.L., Tampa, and Kelly L. Kubiak of Merlin Law Group, Tampa, for appellant.

Ezequiel Lugo and Chris W. Altenbernd of Banker Lopez Gassler, P.A., Tampa, for appellee.

**ON APPELLANT'S MOTION FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION OF QUESTION OF GREAT PUBLIC IMPORTANCE**

KUNTZ, J.

Junior Julien moved for rehearing, rehearing en banc, and to certify a question of great public importance directed to our opinion of September 23, 2020. We deny Julien's motions but sua sponte withdraw our prior opinion and issue this opinion in its place. In our original opinion, we cited multiple opinions from other courts including a decision from the Southern District of Florida. After we issued our opinion, Judge Middlebrooks granted reconsideration. *See Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 465 F. Supp. 3d 1227, 1228 (S.D. Fla. June 5, 2020), *reconsideration granted,* No. 20-14013-CV-MIDDLEBROOKS, 2020 WL 6588379, at *1 (S.D. Fla. Nov. 10, 2020). Judge Middlebrooks's decision to grant reconsideration does not alter our conclusion. But to avoid confusion, we withdraw our prior opinion and issue this opinion in its place.

Julien appeals the circuit court's dismissal of his lawsuit against his insurer, United Property & Casualty Insurance Company. The circuit court found Julien's civil remedy notice failed to satisfy the statutory requirement that an insured "state with specificity" the policy language and the statutory provisions at issue. In his civil remedy notice, Julien cited thirty-five statutory provisions and listed nearly every provision in the insurance policy. We agree with the circuit court that the notice failed to specify the statutory and policy provisions at issue. As a result, we affirm the circuit court's dismissal with prejudice.

## *Background*

Julien filed a claim under his homeowner's insurance policy with United Property for damage his home allegedly sustained in a fire. While the investigation was pending, United Property issued a $5,000 advance payment to Julien and placed him in a hotel.

United Property's investigation revealed that Julien previously filed two plumbing claims with United Property and a fire damage claim with a previous insurer. As a result, United Property requested more information from Julien and sent him a reservation of rights letter.

United Property discovered Julien failed to repair damage from the earlier fire. Believing the earlier damage overlapped with damage from the current claim, it requested an examination under oath.

In response, Julien filed a civil remedy notice of insurer violations with Florida's Department of Financial Services alleging claim delay, an unsatisfactory settlement offer, unfair trade practice, failure to properly investigate the claim, and failure to acknowledge and act promptly to communications regarding the claim. United Property responded to the civil remedy notice, stating the investigation extended beyond the 90-day window because of factors outside of its control. United Property also disputed Julien's remaining claims.

Soon after, Julien filed a lawsuit alleging statutory bad faith. United Property moved to dismiss the suit, claiming the civil remedy notice was facially invalid and, as a result, Julien could not state a cause of action for statutory bad faith. The circuit court granted the motion and dismissed the complaint based on the invalidity of the civil remedy notice, giving Julien leave to amend.

After the court dismissed the complaint, Julien filed an amended

complaint.  But United Property again successfully moved to dismiss the amended complaint, arguing the civil remedy notice remained defective.  This time, the court granted the motion with prejudice.

### *Analysis*

Julien argues the court erred when it dismissed his lawsuit based on alleged deficiencies in the civil remedy notice.  We review that decision de novo.  *Crocker v. Marks*, 856 So. 2d 1123, 1123 (Fla. 4th DCA 2003) (quoting *Bell v. Indian River Mem'l Hosp.*, 778 So. 2d 1030, 1032 (Fla. 4th DCA 2001)).

Enacted in 1982, section 624.155, Florida Statutes, "created a first-party bad faith cause of action[,] . . . thereby imposing a duty on insurers to settle their policyholders' claims in good faith."  *Demase v. State Farm Fla. Ins. Co.*, 239 So. 3d 218, 220 (Fla. 5th DCA 2018) (citing ch. 82-243, § 9, Laws of Fla.).

Section 624.155 "provide[s] a civil remedy for any person damaged by an insurer's conduct."  *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 546 (Fla. 2012) (quoting *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1124 (Fla. 2005)).  But, before filing a lawsuit, the policyholder must file a civil remedy notice with the Department of Financial Services and with the insurer.  *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1283 (Fla. 2000) (finding "the requirements of written notice to the Department of Insurance and the insurer are conditions precedent to bringing an action" under the bad-faith statute).

In turn, an insurer may avoid a statutory bad-faith claim "if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected."  § 624.155(3)(c), Fla. Stat. (2016).  The insurer's ability to cure any grievances exists to "avoid unnecessary bad faith litigation."  *Galante v. USAA Cas. Ins. Co.*, 895 So. 2d 1189, 1191 (Fla. 4th DCA 2005) (quoting *Talat Enters., Inc.*, 753 So. 2d at 1282).

To provide the insurer notice of the alleged failure to pay or the alleged circumstances giving rise to a violation, the civil remedy notice must include specified information:

> (b) The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:
>
> 1. The statutory provision, including the specific language of

the statute, which the authorized insurer allegedly violated.

2. The facts and circumstances giving rise to the violation.

3. The name of any individual involved in the violation.

4. Reference to specific policy language that is relevant to the violation, if any. . . .

5. A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

§ 624.155(3)(b)1.–5., Fla. Stat. (2016). Thus, the plain language of section 624.155(3)(b) instructs the policyholder to "state with specificity" information in the notice; to specify "language of the statute, which the authorized insurer allegedly violated;" and to "[r]eference . . . specific policy language that is relevant to the violation, if any."

Here, the issue is whether Julien's civil remedy notice satisfied these requirements. Because the statute is in derogation of the common law, we strictly construe the statutory requirements. *Talat Enters., Inc.*, 753 So. 2d at 1283.

Julien's civil remedy notice, it seems, listed every statutory provision and every policy provision available to him as the insured. For example, Julien included fourteen statutory provisions followed by twenty-one sections of the Florida Administrative Code. Furthermore, as the "specific policy language" relevant to the violation, Julien referenced the entire policy:

See Subject Policy:

UNITED PROPERTY & CASUALTY INSURANCE COMPANY
POLICY NO.: UHC [   ]
Coverage A - Dwelling
Coverage B - Other Structures
Coverage C - Personal Property
Coverage D - Loss of Use / Additional Living Expenses
All Optional Coverage provisions
All Additional Coverage provisions
All Coverage(s) provided by Endorsement or Rider
The Declarations Page
Loss Payment or Settlement provision
Duties in Event of Loss Policy provision

4

The insurance policy's definition section
The insurance policy's exclusion of coverage provisions
All insurance policy provisions that provide coverage to the insured property
All policy provisions.

The Middle District of Florida was confronted with a civil remedy notice that was similarly broad in scope and concluded that listing nearly all policy provisions on the notice did not satisfy the statute. *Fox v. Starr Indem. & Liab. Co.*, No. 8:16-CV-3254-T-23MAP, 2017 WL 1541294, at *2 (M.D. Fla. Apr. 28, 2017). The court explained that "[i]f the statute contained no specificity requirement, [then] the [insureds'] casual 'reference' to the entire insurance policy undoubtedly would suffice." *Id.* But, the court continued, "the Legislature included 'specific' or a variant not once but twice in the statute." *Id.* As a result, the insureds' listing of whole sections of the insurance policy "appear[ed] to lack specificity." *Id.*

In another case, the Southern District of Florida originally dismissed a complaint based on deficiencies in the insured's three civil remedy notices. *Pin-Pon Corp.*, 465 F. Supp. 3d at 1228. Later, Judge Middlebrooks reconsidered that decision. He concluded

> that strict construction of § 624.155 demands a specificity level of compliance with the requisite provision of information to the Department and the insurer. However, failure to strictly comply with this specificity standard will not foreclose a statutory bad faith action where (1) Form DFS-10-363 contains a purely technical defect in the identifying information; ([2]) the insured substantially complied with the specificity standard; (3) the insurer received actual, fair notice in furtherance of the purpose of the statute's notice requirement; (4) and the insurer was not prejudiced by the technical defect.

*Pin-Pon Corp.*, 2020 WL 6588379, at *7.

Here, Julien did not substantially comply with the specificity standard and this was more than a mere technical defect. Julien listed nearly all policy sections and cited thirty-five statutory provisions. As a result, we conclude the circuit court correctly determined that Julien failed to satisfy the requirement that the insured identify the specific statute and specific policy provision relevant to Universal Property's alleged violation.

Finally, we address Julien's argument that we need not determine whether the civil remedy notice is sufficient. Julien argues section 624.155(3)(c), Florida Statutes (2016), provided the Department of Financial Services with the authority to return deficient notices. Because the Department did not do so, he maintains the notice was sufficient. First, the statute provided that the Department "may" return a deficient notice. *See* § 624.155(3)(c), Fla. Stat. That discretionary grant of authority did not determine the legality of the notice. Nor is there any evidence that the Department even considered the issue. Second, this Court, and the circuit court before it, must independently review the notice even if the Department made a specific determination about its legality. *See* art. V, § 21, Fla. Const. (providing that a state court "may not defer to an administrative agency's interpretation" of a state statute but must interpret the statute de novo). So, we reject Julien's argument that the Department's failure to return the civil remedy notice suggested the notice was legally sufficient.[1]

### *Conclusion*

We affirm the circuit court's dismissal of Julien's complaint with prejudice.

*Affirmed.*

GROSS, J., and CURLEY, G. JOSEPH, Associate Judge, concur.

*       *       *

***FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.***

---

[1] The statute was amended in 2019, and the language permitting the Department to return a civil remedy notice was removed. *See* ch. 2019-108, § 6, Laws of Fla.